IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LESTER JON RUSTON, | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 06-0782 RMU |
| BARBARA S. RIGGS, | § | |
| Defendant, | § | |

AFFIDAVIT OF LESTER JON RUSTON IN SUPPORT OF DISCOVERY

My name is Lester Jon Ruston. Affiant is over the age of 18 and is competent to make the following declaration, under oath of law. The Defendant in this matter is in a criminal conspiracy with multiple State of Texas and Federal "officials", acting under color of law, to violate 18 U.S.C. §§ 241 and 242.

In support of this "fact", Affiant encloses Exhibit "A" attached (12) twelve pages. The Defendant, Barbara S. Riggs and the United States Secret Service are in alleged criminal violation of the R.I.C.O. Racketeering Act, 18 U.S.C. § 1961. They are operating a drug trafficking ring, which Affiant has investigated and reported to multiple Courts, including this Honorable Court, and Nancy Rippey, Assistant Chief of the Dallas Police.

The Secret Service have aided and abetted "stalking" by the Plano Independent School District of Collin County, Texas, and have aided and abetted drug trafficking by Plano resident, Charles Sandoval of 1212 Greenpark, Plano, Texas 75075, who was recused off Plano I.S.D. v. Ruston, 380-786-98 after violating State of Texas and Federal Laws.

Jeffrey Don Elmore and Paul Stickney conspired with Sandoval, to violate 18 U.S.C. § 241 and 242 in 2001, which is provided to this Court as Exhibit "A", in support of Motion For Discovery. Further, Irma Carillo Ramirez has conspired with the United States Secret Service and District Attorney Bill Hill to kidnap and attempt to murder the Affiant in 2003, which is "public record" in Ruston v. Justice Department, 06-0224 RMU before this Honorable Court. Further, Ramirez and Secret Service Agents J. Williams and Erin Erdman are operating two known drug houses in Dallas, Texas, at 6933 Kennison Road and 7213 Hadley, with known drug traffickers Terry Lynn McWilliams, John Bryan Hutchison and Brenda McCoy. Irma Carillo Ramirez involvement is "public record" in Criminal Complaint 3:06-MJ-102, wherein her signature confirms Misprision of a Felony, 18 U.S.C. § 4. Said "fact" is one of multiple "motives" for her fraud in U.S. v. Ruston, 3:04-CR-191-G N.D. Texas, Dallas Division, with the Defendant.

Said co-conspirators are also knowingly violating 26 U.S.C. § 7201, and did openly conspire with David Hamilton and Charles Sandoval to violate 26 U.S.C. § 7201, which Affiant reported to the C.I.D.-I.R.S. offices at 1100 Commerce Street, 12th Floor, Dallas, Texas 75242. The Defendant has conspired with Richard Roper, United States Attorney in

-1-

Dallas, Texas and Assistant United States Attorney Richard Alan Calvert, Jr. to aid and abett this "mafia" operation, in alleged criminal violation of 18 U.S.C. §'s 2, 3, and 1961. Said "acts" violate 28 U.S.C. § 530(B), which have been duly reported to the office of John C. Keeney, Associate Attorney General.

In retaliation for Plaintiff's filings, the Defendant and her co-conspirators have impeded and tampered with Affiant's mail, repeatedly, in alleged criminal violation of 18 U.S.C. § 1702 and 1708. Said allegations have been provided to Congresswoman Sheila Jackson Lee of Texas and the Postal Investigators of the main post office located at 401 D/FW Turnpike, Dallas, Texas 75208. Affiant's filings to the Dallas County Courts at the Frank Crowley Courts Building have been impeded and stolen, allegedly ordered by the Defendant and her "staff" to aid and abett a R.I.C.O. Racketeering "mafia" operating in North Texas utilizing State and Federal "officials" in furtherance of their crimes.

All documents tendered in State District Court 194 are perjured, as well as the Federal Court to obstruct justice in stalking and attempted murder of the Plaintiff/Affiant Lester Jon Ruston, in alleged criminal violation of 18 U.S.C. § 1113 and 1513.

All allegations of "fact" contained herein are true and correct to the best of Affiant's knowledge, and State of Texas and Federal records, sworn to under penalty of law with Affiant's signature affixed, pursuant to 28 U.S.C. § 1746 and 18 U.S.C. § 1621. Further, Affiant sayeth naught:

Dated: 7-5-06

_____ Declarant
Lester Jon Ruston

### CERTIFICATE OF SERVICE

A true and correct copy of the foregoing affidavit in support of discovery was provided to the clerk of the court on this 9th day of July, 2006, by regular U.S. Mail, with one copy provided to the defendant at the address listed below, pursuant to Rule 5 Fed.R.Civ.P.

_____
Les J. Ruston    a.k.a. The Bruce

Barbara S. Riggs
950 H Street NW Suite 8300
Washington, D.C. 20223

-2-



Case 3:04-cr-00191   Filed 05/06/200   Page 1 of 5

UNITED STATES DISTRICT COURT
DALLAS DIVISION

UNITED STATES OF AMERICA,  §
PLAINTIFF,                 §
                           §
VS.                        §    CRIMINAL NO. 3:04-CR-191-G
                           §
LESTER JON RUSTON,         §
    DEFENDANT,             §

RULE 16(E)(i)

## FIRST AMENDED MOTION TO SUPPRESS AND MEMORANDUM

Comes Now, Defendant, Lester Jon Ruston, Pro-Se, due to ineffective assistance of "court" appointed counsel, and moves to suppress the following evidence as obtained in violation of his right to be free from unlawful searches, arrests and seizure, and waiving his right to "court" appointed counsel, his right to due process, and his right to effective assistance of counsel, as guaranteed by the Fourth, Fifth, and Sixth Amendments to the United States Constitution, would show as follows:

U.S. V. EDWARDS 441 F.2d 749 (5TH CIR. 1971)

I.

Defendant has duly filed to dimiss counsel, Richard Goldman, for lying, repeatedly, to Defendant and to the Court. The Court has not acted timely in addressing this "fact" (see Faretta v. State of California 422 US 806).

U.S. V. MYERS 294 F.3d 203
PRO SE

II.

Defendant moves to suppress the following:

A. All evidence presented to the Dallas County Grand Jury and all the records in State v. Ruston F04-15925, F04-21379 and F04-24674.

B. All statements by the Defendant which were made at the Carrollton Police Headquarters to Special Agent James K. Ellis and Deputy U.S. Marshall Tom Schneider on or about May 22, 2004.

C. All statements made at the sight of the arrest 14720 Webbs Chapel Road, Farmers Branch, Texas.

D. All statements made by the Defendant to law enforcement or agents of law enforcement on May 22, 2004, during June of 2004 and July of 2004, at the Carrollton City Jail and the Dallas County Jail. Statements herein refer to any statement whether oral, written, video taped, audio taped or otherwise recorded.

E. The F.B.I. report provided to the Defendant in "discovery" and the psychological evaluation of a Dr. Maureen Buriss'.

The Defendant further requests this Court to hold a pretrial evidentiary hearing to determine whether the above-described statements and evidence should be suppressed.

## MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS

### BRIEF FACTUAL BACKGROUND

Based on the discovery provided to the Defendant, which was not given to him until April 27, 2005, the Defendant is alleged to have violated Title 18 §115 U.S.C. by making a threat to Irma Ramirez, allegedly due to her status as or on account of her actions as "a Federal Official".

RULE 12.3 NOTICE OF PUBLIC AUTHORITY DEFENSE

12.3(2)(A)(6)(C)

DEPOSITIONS
1  CLYMER V. UNITED STATES 38 F.2d 581 C.C.A. 10TH
   WONG YIM V. UNITED STATES 118 F.2d 667 C.C.A. 9TH
   UNITED STATES V. CAMERON 15 F 794
   LUKENBERG V. UNITED STATES 45 F.2d 497 4TH CIR.

"IN ORDER TO PREVENT A FAILURE OF JUSTICE"

EXHIBIT A RUSTON V. RIGS 06-0782 RMU PAGE 2 OF 12
page two amended motion to suppress U.S. v. Ruston 3:04-CR-191-G
Case 1:06-cv-00782-RMU   Document 16-2   Filed 07/10/2006   Page 4 of 14
Case 3:04-cr-00   Document 83   Filed 05/06/200   Page 2 of 5

   The Defendant is the author and Petitioner in Writ W00-16497-M(a/b) in District Court 194. The Defendant has been victimized by criminal acts by various Carrollton Police Officers, acting in concert with the Plano Independent School District, their attorney J. Timothy Brightman of McKinney, Allison E. Smith and Ian James Ruston of Carrollton, Texas and Rick Rolland, Allison E. Smith's adulterous "lover". The Defendant has reported allegations of perjury and aiding and abetting organized crime against Detective Gary Fernandez, and had just filed a complaint against Fernandez and Rolland with the Farmers Branch Police Department for multiple alleged crimes.

   Fernandez committed the State Felony crime of "retaliation", Article 36.06 Texas Penal Code, by conspiring to have Defendant stalked and assaulted with a deadly weapon and did conspire with an African-American male to attempt to murder the Defendant. Said crimes were reported to the Dallas Police, Lt. Bill Humphrey of 6969 McCallum, Congresswoman Eddie Bernice Johnson, Defendant's Pastor and Texas Supreme Court Judge Nathan Hecht, both of Valley View Christian Church, Dallas County Adult Probation Department and Defendant's employer Delicious Deliveries of Addison, Texas.

   Fernandez filed another fraudulent warrant for the arrest of the Defendant, to cover up said crimes (see State v. Ruston F04-15925 Dallas County, District Court 194). The State trashed Defendant's Motion for an Examining Trial in this matter and failed to answer Writ of Habeas Corpus or any Pre-Trial Motions, or provide "Discovery".

   Defendant was arrested by a task force of F.B.I., U.S. Marshall's, TFO officers and a Secret Service Agent. F.B.I. agent James K. Ellis turned Defendant over to two unknown Carrollton Police Officers and followed them with the Defendant to Carrollton Police Headquarters. Ellis then told Defendant he was investigating the attempted murder and asked Defendant to waive his rights to counsel, under the presumption he was "investigating" the murder attempts, aggravated assaults with deadly weapons and the "stalking" and death threat made on or about May 18, 2004 by same suspect to Defendant at the corner of Marsh Lane and Keller Springs Road in Carrollton, reported on 911 and to responding officer Newburn of the Carrollton Police.

   Defendant was questioned, at length, about multiple crimes, including invasion of privacy during June of 2002 at the Anchor Motel in the 10000 Block of Harry Hines Blvd. in Dallas, where a video and audio surveillance was allegedly conducted by unknown persons for the last two weeks of June, 2002, an possible attempted entrapment at the Haverly Place Apartments, 4804 Haverwood Lane #912, during July of 2002, where Defendant was lured by employees of a local radio station 97.1 "The Eagle, now defunct. Further, Ellis asked the Defendant if Katie Couric was his "fiance'" during questioning, which Defendant denied and stated Ellis needed to talk to Couric. Couric may be involved in the incident at 4804 Haverwood Lane #912, Dallas, Texas 75287 during July of 2002, which has been reported to the Dallas Police, F.C.C. and the media. Further, Defendant has reasonable suspicion that NBC is involved in unlawful surveillance at both the Anchor and Royal Inn Motels. The Defendant does not know Couric personally, or anyone at NBC Television, and has only communicated with them in writing.

   Ellis and Schneider both took extensive handwritten notes about whom was trying to murder the Defendant and the Government has suppressed said notes. Detective Gary Fernandez and the Carrollton Police are the main suspects. Further, the "pimp" who committed attacks was living at 4804 Haverwood Lane #826, Dallas, Texas 75287, where the Defendant was doing investigative work. His apartment looked down on #912, where Defendant was lured in 2002, and his female companion was engaged in sex acts at the apartment with caucasian males, as well as in the hot-tub, as reported to the management and Dallas Police and Senate Judiciary Committee. The Government has suppressed all of these "facts" and the Court has refused to allow "Discovery" which will substantiate allegations.

   While housed in the Dallas County Jail, the Defendant was brought to the offices of the Dallas County Sheriff and interviewed by an unknown Texas Ranger Investigator, without

EXHIBIT A RUSTON V. RIGGS 06-0782 RMU PAGE 3 OF 12
PAGE 3 MOTION TO SUPPRESS 3-04-CR-191-G
Case 1:06-cv-00782-RMU   Document 16-2   Filed 07/10/2006   Page 5 of 14
Case 3:04-cr-00   Document 83   Filed 05/06/200   Page 3 of 5

his "court" appointed counsel present. Said Texas Ranger Investigator admitted to asking "other people" to arrest the Defendant, then stated Defendant was "lucky" he wasn't there to arrest him or he would have killed him. Defendant filed criminal charges of "retaliation" against said unknown Texas Ranger, as Defendant is a witness and informant against multiple Texas Rangers, most notably Captain Vickers of Troop B in Garland, Texas and Sgt. Lee Young, of McKinney, Texas. Said unknown Texas Ranger accused Defendant of threatening to kill them both and said he had evidence of such on "video tape" from the Royal Inn during May of 2004. Defendant filed for "Discovery" of said evidence which the State refused to provide and the U.S. Attorney or Attorney General of the United States refuses to provide. Defendant filed to dismiss State v. Ruston F04-21379 in District Court 194. Any comments Defendant has ever made about Captain Vickers and Sgt. Lee Young was due to their engaging in organized crime, not due to their status as "public officials", as alleged in indictment. Further, Defendant's Motion for an Examining Trial was trashed and Defendant was denied his right to examining trial, a matter now under an investigation by the Attorney General of Texas.

It is anticipated that the government will attempt to use statements made from said May 22, 2004 arrest in the above numbered and styled cause of action for the purposes of showing Defendant's intent. Defendant seeks to suppress these statements and evidence based on the 4th, 5th and 6th Amendments to the United States Constitution.

*[handwritten: MAPP V. OHIO, 367 US. 643, 81 S.Ct 1684, 6 L.Ed.2d 1081]*

## FOURTH AMENDMENT

The Fourth Amendment to the United States Constitution provides:

*[handwritten: ELKINS V. UNITED STATES 364 U.S. 206, 80 S.Ct 1437, 4 L.Ed.2d 1669 (1960)]*

The right of the people to be secure in their **persons**, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and person or things to be seized.

Where a Fourth Amendment violation has occured, the exclusionary rule mandates the suppression of not only all evidence obtained in the illegal search or seizure itself; it also requires the suppression of all evidence obtained as a result of, or derivatively from, the illegally seized evidence, as such derivative evidence is the "fruit of the poisoness tree". Wong Sun v. United States, 371 U.S. 471 (1963).

The burden of proof is on the government to show that an arrest warrant or that any surveillance resulting in an arrest warrant and search and seizure was constitutional under the Fourth Amendment. See United States v. Berick, 710 F2.d 1035, 1037 (5th Cir. 1983), citing Vale v. Louisiana, 399 U.S. 30 (1969); see also, 4 LaFave, Search and Seizure, sec. 11.2(b)(p.218)(1987). The government must prove the constitutionality of surveillance and search and seizure by a preponderance of the evidence. United States v. Matlock, 415 U.S. 164 (1974); see also, LaFave, supra, at sec. 11.2(c)(p.234).

The Defendant challenges the legality of all orders for surveillance, global positioning devices allegedly placed on Defendant's vehicles to track his movements and the arrest and statements made by the Defendant in this case.

## INVOLUNTARY STATEMENT

The Defendant challenges the voluntariness of his statements. The government may make no use of a waiver, or any other statement, involuntarily obtained from a defendant in violation of the Fifth Amendment. Mincey v. Arizona, 437 U.S. 385, 398 (1977). The government must prove, in addition to formal compliance with Miranda, that any incriminating statement obtained from the defendant was given voluntarily. Lego v. Twomey, 404 U.S. 477, 484 (1972; Commonwealth v. Mendiola, 976 F.2d 475 (9th Cir. 1992). A defendant may be properly warned and freely waived his rights as required under Miranda, yet ultimately be coercied to making a confession. United States v. Fouche, 776 F.2d 13*[illegible]*(9th Cir. 1985).

*[handwritten: 1398]*

' EXHIBIT A RUSTON V. RIGGS 06-0782 RMU PAGE 4 OF 12
Case 1:06-cv-00782-RMU   Document 16-2   Filed 07/10/2006   Page 6 of 14
page 4 motion to suppress    Case 3:04-cr-00104-   Document 83   Filed 05/06/200   Page 4 of 5

See also Oregon v. Elstad, 105 S.Ct. 1285, 1298 (1985) (an ultimate test of admissibility is always the entire course of police conduct leading to the statement) and Jackson v. Denno, 378 U.S. 368, 376 (1964).

The F.B.I. and U.S. Marshall's Deputy knew the Defendant was under a tremendous amount of stress and was without his vehicle, which had broken down in Denton, Texas, leaving him without transportation and ability to continue earning good money at his job at Delicious Deliveries. Said law enforcement officials questioned Defendant about said vehicle and promised to find it, as it was towed away or stolen from the 380 Flea Market in Denton, Texas, which is a matter of record in their handwritten notes. Further, Defendant believes both had knowledge of attempted murder as Special Agent Ellis stated officer Newburn of the Carrollton Police was an "idiot", meaning he had already been interviewed by the F.B.I. Said Federal Agents used psychological tactics to make the Defendant believe they were investigating crimes perpetrated against him, both State and Federal Crimes, and all statements elicited thereby are deemed involuntary. See Spano v. New York, 360 U.S. 315 (1959). Subtle psychological coercion, either by promises or indirect threats or "leniency", as stated by unknown Texas Ranger on or about June 4, 2004 at the Dallas County Jail, may render a confession involuntary. (Townsend v. Sain, 307 U.S. 293 (1963) and Arizona v. Fulminante, 111 S.Ct. 1246 (1991).

The Defendant asserts that his statements were involuntary and should be suppressed.

### UNNECESSARY DELAY GOING TO MAGISTRATE

Federal law provides that a defendant be promptly brought before a Federal magistrate after his arrest on a federal charge. See 18 U.S.C. § 3501 (c). In McNabb v. U.S.., 318 U.S. 332, 341 (1943), the Court excluded statements that resulted from officers' failure to take the accused promptly before a magistrate without unnecessary delay, in violation of federal law. See id. at 344; see also Mallory v. U.S., 354 U.S. 449, 455 (1957) (admission of the defendant's statement was error, where a defendant was not promptly arraigned without unnecessary delay before questioning and before his submission to a lie detector test.)

The Defendant in this case was not taken without unnecessary delay to a federal magistrate. Consequently, his statements should be suppressed.

Wherefore, premises considered, the Defendant respectfully requests that a hearing is held to resolve the aforementioned issues of arrest, search, seizure, taint, and unnecessary delay.

Respectfully Submitted,

Lester Jon Ruston #26834-177
P.O. Box 9000
Seagoville, Texas 75159

### CERTIFICATE OF SERVICE

A ture and correct copy of the foregoing instrument was provided to the Clerk of the Court on this 7th day of May, 2005, by regular U.S. Mail.

Lester Jon Ruston

### CERTIFICATE OF CONFERENCE

I hereby certify that I cannot conference, due to lack of access to a copier, and ineffective counsel.               Les J. Ruston

EXHIBIT A RUSTON V. RIGGS 06-0782 RMU PAGE 5 OF 12
Case 1:06-cv-00782-RMU   Document 16-2   Filed 07/10/2006   Page 7 of 14
Case 3:04-cr-00   Document 83   Filed 05/06/200   Page 5 of 5



Name Les J. Ruston
Reg. No. 26639-177
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 9000
Seagoville, TX 75159-9000

✱ Legal Mail

RECEIVED
MAY - 6 2005
CLERK, U.S DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

United States District Court
Clerk of the Court
1100 Commerce #14A20
Dallas, TX 75242

Its purpose is to deter - to compel respect for the constitutional guaranty in the only effectively available way - by removing the incentive to disregard it." Elkins v. United States, supra. 364 U.S. p. 217, 80 S.Ct p. 1444

Davis v. Mississippi, 394 U.S. 721, 89 S.Ct 1394 22 L.Ed 2d 676 (1969)



U.S. Department of Homeland Security
# UNITED STATES SECRET SERVICE

REGISTERED                    *Paragraph 7.*

Les Ruston # 26834-177
Medical Center for Federal Prisoners
P.O. Box 4000
Springfield, MO 65801

Re:   Incidents beginning in 2000

Dear Mr. Ruston:

Please be advised that this office is in receipt of your letter dated September 7, 2005 in which you seek recovery for damages resulting from incidents beginning in 2000 in and around Dallas, TX.

Under the provisions of Title 28, United States Code, Section 2672, the Department of Homeland Security is liable for damages including loss of property caused by negligent or wrongful acts or omissions of an employee acting within the scope of his or her employment under circumstances where the United States, if a private person, would be liable. In addition, Title 28, United States Code, Section 2401(b) states that a tort claim brought against the United States "shall be forever barred unless it is presented... within two years after such claim accrues..."

Inquiry into this matter revealed no negligence or wrongful act or omission of an employee of the Secret Service (nor are your claims timely); therefore, the Secret Service must deny your claim. Please be advised that if you are dissatisfied with this denial letter, you may institute suit in the appropriate federal District Court under the Federal Tort Claims Act no later than six months from the date of this letter.

Sincerely,

Barbara S. Riggs
Deputy Director

Enclosure

PARAGRAPH 14.

## AFFIDAVIT

1. AFFIANT IS JEFFREY DON ELMORE, WHO IS A SPECIAL AGENT OF THE UNITED STATES SECRET SERVICE AND HAS BEEN SO EMPLOYED FOR APPROXIMATELY FOUR YEARS. AFFIANT IS CURRENTLY ASSIGNED TO THE DALLAS FIELD OFFICE. AFFIANT HAS RECEIVED EXTENSIVE TRAINING AT THE FEDERAL LAW ENFORCEMENT CENTER IN GLYNCO, GEORGIA AND AT THE SECRET SERVICE TRAINING CENTER, BELTSVILLE, MARYLAND IN CONDUCTING CRIMINAL INVESTIGATIONS. AFFIANT HAS PARTICIPATED IN APPROXIMATELY FIFTY INVESTIGATIONS INVOLVING THREATS DIRECTED TOWARDS THE PRESIDENT OF THE UNITED STATES AND HIS FAMILY.

2. AFFIANT STATES THIS AFFIDAVIT IS IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT FOR LESTER JOHN RUSTON, WHICH RESIDES AT THE SUN SUITES HOTEL, 10477 METRIC DRIVE, DALLAS, TEXAS, ROOM #120.

3. THE FACTS CONTAINED IN THIS AFFIDAVIT ARE BASED UPON AFFIANT'S PERSONAL INVESTIGATION AND KNOWLEDGE AND THE INTERVIEW OF LESTER RUSTON.

[handwritten: ALLEGED WHERE IS EVIDENCE?]

4. ON 01/08/01, THE SUBJECT LEFT A MESSAGE ON THE PLANO ISD'S TELEPHONE VOICEMAIL THREATENING VARIOUS POLICE OFFICERS AND JUDGES AND INCLUDED THE FOLLOWING STATEMENT: "BUSH WILL NOT MAKE THE INAUGURATION BECAUSE IT'S GONNA KILL HIS FAMILY". THAT SAME DAY I QUESTIONED RUSTON TO DETERMINE IF HE WAS A THREAT TO A PROTECTEE.

[handwritten: DAVID HAMILTON]

5. AFTER HIS INTERVIEW, LOCAL AUTHORITIES HAD RUSTON INVOLUNTARILY COMMITTED TO PARKLAND HOSPITAL, PSYCHIATRIC UNIT, FOR BEING A DANGER TO HIMSELF AND OTHERS.

6. RUSTON HAS LEFT OVER TWENTY MESSAGES ON AFFIANT'S OFFICE VOICE MAIL DURING THE LAST THIRTY DAYS. THE MESSAGES CONTAINED PROFANITY AND VARIOUS THREATENING STATEMENTS DIRECTED TOWARDS AFFIANT.

7. AFFIANT STATES THAT ON MAY 09, 2001, RUSTON LEFT ANOTHER MESSAGE CONTAINING THE STATEMENT "GET INTO THE RING WITH ME SO I CAN KILL YOU, I KNOW WHERE YOU LIVE, I KNOW WHERE YOU GET YOUR HAIRCUT" AND "...IF I EVER SEE YOU AGAIN, I'LL SHOVE (MY MEDICATION) UP YOUR ASS, YOU PUNK-ASS LITTLE BITCH."

8. AFFIANT PERFORMED A CRIMINAL RECORD CHECK FOR LESTER RUSTON, WHICH REVEALED THAT RUSTON HAS BEEN CONVICTED OF ASSAULT, DRUGS AND WEAPONS OFFENSES.

[handwritten: SLANDER + LIBEL]

9. BASED UPON THE FOREGOING FACTS AND CIRCUMSTANCES, AFFIANT REQUESTS THAT AN ARREST WARRANT FOR LESTER JOHN RUSTON BE ISSUED.

JEFFREY DON ELMORE
SPECIAL AGENT,
UNITED STATES SECRET SERVICE

SWORN AND SUBSCRIBED BEFORE ME THIS 10TH DAY OF MAY, 2001.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

-1-

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription  06/17/2004

On May 22, 2004, at approximately 5:00 AM surveillance was initiated at Revere Staffing Services (RSS), 14720 Webb Chapel Road, Farmers Branch, Texas in an attempt to arrest LESTER JON RUSTON pursuant to a Dallas County felony warrant. Arrest team personnel included SSA Armando Fernandez, SAs Rolando R. Lopez, J. Brooke Donahue, Diana Tenaglia, E. Danielle Aleman and James K. Ellis, TFOs Glenn Bradshaw and Humberto Saucedo, and Deputy United States Marshal (DUSM) Tom Schneider.

5:10 AM - RUSTON was arrested after exiting RSS, where RUSTON is employed. RUSTON was searched as were his belongings, no items were seized.

5:37 AM - A Carrollton Police Department (CPD) patrol unit transported RUSTON to the Carrollton City Jail, where he processed into the jail.

6:15 AM - RUSTON is advised of his rights by SA Ellis and DUSM Schneider. RUSTON agreed to waive his rights and be interviewed.

7:30 AM - The interview was concluded, and RUSTON was escorted by CPD personnel to a jail cell.

---

Investigation on  05/22/2004  at  Farmers Branch, Texas

File # 89B-DL-101826                    Date dictated  05/28/2004

by  SSA Armando Fernandez, SAs Rolando R. Lopez, J. Brooke Donahue, Diana Tenaglia, E. Danielle Aleman and James K. Ellis

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

| RUSTON, LESTER J. | | | 096932 |
|---|---|---|---|
| ACK2 | W/M | *Paragraphs 11.* | DR. LLOYD |
| 09-17-1957 | DALLAS | | 01-09-2001 |
| TERRELL STATE HOSPITAL SOCIAL ASSESSMENT | MHRS 3-7 | *12, 13* | PAGE 1 |

*Rule 34*

I. **INFORMANTS:** Information for this Social Assessment was obtained from the Psychiatric Evaluation. A consent was signed for Leslie Young. The BHO is ValueOptions and the SPN is TeleCare, and both were notified of the patient's admission.

*Fraud David Hamilton Jack Bolls Services Stolen by Douglas Thigpen*

II. **PRESENTING PROBLEM:** This is the first Terrell State Hospital admission for this 43-year-old, Caucasian male. He presented on an APOWW after he was sent to Parkland for making threats to a judge. He was admitted to Terrell State Hospital from Dallas County. Apparently, Mr. Ruston was arrested for making threats to a judge. He has a history of threatening a judge 6 months prior to his admission. It was alleged that the patient took a crossbow to The Mansion on Turtle Creek last week and threatened people there. He had a loaded crossbow, which was found in his car on the day of his admission. He has been making threats to President Elect Bush's family. He also made statements that "I'll kill his family." The patient has hostility towards Bush because he says a letter was sent telling him he was not responsible for corruption in the Plano area.

*Fraud 18 U.S.C. Section 1623 Jeff Elmore*

III. **COURSE OF DYSFUNCTION/PREMORBID PERSONALITY:** Mr. Ruston was previously admitted to Wichita Falls State Hospital on 2-19-99, where he allegedly was held there illegally, according to the patient. He spent 25 days there and they found that he had "no mental illness." Patient was discharged and was supposed to follow-up with aftercare, which he did not do so. Patient has decompensated, which has led to his hospitalization here at Terrell State Hospital on 1-9-01.

IV. **FAMILIAL HISTORY:** His father's name is Victor Ruston and his mother's name is Margaret Ruston. He did have a 19-year-old son, who attempted suicide on 12-22-98. We do not know the condition of his estranged son. His mother has epilepsy. He is estranged from his mother and father as well. He states that they are in a cult called The Mormons. No other information is known regarding psychiatric history or history of chemical dependency.

V. **PERSONAL HISTORY:**

*Fraud 9-17-57*

a. **Prenatal, birth, and early development:** Mr. Ruston was born on 1-17-57 in Salt Lake City, Utah.

b. **Social development:** No information is known about his history.

**Substance abuse:**

**Drugs:** Patient denies any history of drug use. Although he denies use, he stated he smoked marijuana about one month ago. He smoked a lot when he was in high school.

| RUSTON, LESTER J. | | | 096932 |
|---|---|---|---|
| ACK2 | W/M | PARANOIAS II | DR. LLOYD |
| 09-17-1957 | DALLAS | | 01-09-2001 |
| TERRELL STATE HOSPITAL SOCIAL ASSESSMENT | MHRS 3-7 | 12, 13 | PAGE 2 |

Alcohol: Patient denies any alcohol abuse.

c. **Cultural influences:** Mr. Ruston was raised by his parents in Salt Lake City, Utah. No information is known regarding their socioeconomic status.

d. **Sexual history:** His sexual preference is heterosexual.

*FRAUD*

e. **Financial status:** He is currently unemployed.

*FRAUD*

f. **Educational:** He attended high school in Salt Lake City. He also attended two years of Brookhaven College.

g. **Vocational:** No information is known.

h. **Marital status:** He is single.

i. **Military:** No information is known.

j. **Legal:** He was arrested for making threats toward the school district and for criminal trespass. He states he has been arrested for phone harassment twice. Patient states that the reason he had a crossbow in his car was because he sells crossbows.

k. **Religious/Spiritual:** He states that he is a Christian.

*FRAUD*

VI. **ASSESSMENT AND RECOMMENDATIONS:** This is the first Terrell State Hospital admission for this 43-year-old, Caucasian male. He has been treated for bipolar when he was at Wichita Falls State Hospital. He has been notoriously noncompliant with treatment. Patient shows a significant increase in activity and has been quite litigious. He has a number of grandiose and paranoid delusions, although most of his claims cannot be verified. In general, it appears that his behavior and thinking and mental status are consistent with bipolar disorder.

Axis IV: **Psychosocial and Environmental Problems:** Problems with primary support and estrangement from his family, noncompliance, interaction with the federal legal system (Secret Service Agency).

*FRAUD*

Axis V: **Global Assessment of Functioning:** 15

**Assets:** The patient appears to be intelligent and he denies any drug or alcohol abuse at this time. His drug screen is negative, his alcohol screen is negative, labs are generally within normal limits.

| RUSTON, LESTER J. | | | 096932 |
|---|---|---|---|
| ACK2 | W/M | Particulars 11 | DR. LLOYD |
| 09-17-1957 | DALLAS | | 01-09-2001 |
| TERRELL STATE HOSPITAL SOCIAL ASSESSMENT | MHRS 3-7 | 12, 13 | PAGE 3 |

*FRAUD*

**Liabilities:** He is noncompliant, has no motivation for treatment, patient has abused drugs and alcohol in the past, and has no insight into his illness.

**Recommendations:** Mr. Ruston will be seen by his treatment team, and assist him in creating treatment goals in order to serve as a monitor during the course of hospitalization. He will also be encouraged to attend classes and activities.

VII. **SOCIAL WORK INTERVENTIONS:** The social worker will meet with the patient on a weekly basis, and more if necessary, to help with any concerns in the community.

VIII. **PRELIMINARY PLAN FOR RELEASE:** Mr. Ruston plans to return to Dallas upon discharge.

**CONTINUUM OF CARE PLANNING:** The BHO is ValueOptions and the SPN is TeleCare.

At this time, there appears to be no cultural, religious, communication or educational problems to interfere with the patient's psychiatric intervention.

IX. **SIGNATURE AND DATE:**

Gayla Grisham, LSW             March 26, 2001 13:05
GG:ef                          March 27, 2001 13:54

Under the supervision of:

Janice Terry, MSSW-LMSW, CSWV