# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

LESTER JON RUSTON,
   Plaintiff,
vs.
UNITED STATES DEPARTMENT OF JUSTICE
  FEDERAL BUREAU OF INVESTIGATION
  SECRET SERVICE
  ATTORNEY GENERAL OF UNITED
  STATES OF AMERICA
  UNITED STATES ATTORNEY-
  NORTHERN DISTRICT OF TEXAS
  DALLAS DIVISION
  Defendants, et al
  Sued in their individual and
  official capacities

05-3304-CV-S-RED-P-DAC
CAUSE NO. _____

COMPLAINT

JURY TRIAL DEMANDED

PRELIMINARY STATEMENT:

  This is a civil rights action filed by Lester Jon Ruston, a Federal **Civil Detainee**, pursuant to a civil commitment under Title 18 § 4241(d), which is allegedly illegal, who is exempt from and not a prisoner under the definition of Title 28 § 1915 U.S.C., for damages and injunctive relief under 42 § 1983, alleging a conspiracy to obstruct justice and violate Title 5 U.S.C. and 552(a) by denying information legally requested by the Plaintiff. (also 552).

JURISDICTION:

  1. The Court has jurisdiction over the Plaintiff's claims of violation of Federal Constitutional Rights under 28 U.S.C. §§ 1331(a) and 1343. Further, venue is proper as Plaintiff is a resident of District and is in need of immediate injunctive relief.

  2. The Court has supplemental jurisdiction over the Plaintiff's Federal Tort Claims under 28 U.S.C. § 1391(e) and 2671.

PARTIES:

  3. The Plaintiff, Lester Jon Ruston, is a civil detainee, denied all his Constitutional Rights under the 4th, 5th, 6th, 8th and 14th Amendments to the U.S. Constitution, following an alleged **illegal civil commitment under Title 18 § 4241(d) U.S.C.**, (see Ruston v. United States 6:05-CV-03243-RED, Western District of Missouri, Southern Division, held at the Federal Medical Center in Springfield, Missouri.

  4. Defendant's are employees of the Justice Department of the United States of America. They are sued in their individual and official capacites.

FACTS:

  5. That the Defendant's are attempting a malicious act of false imprisonment and malicious prosecution, to cover up a conspiracy to commit attempted murder of the Plaintiff, which occurred on or about May of 2004. (see U.S. v. Ruston 3:04-CR-191-G, Northern District of Texas, Dallas Division).

  6. That during the course of this attempted prosecution, Plaintiff was brought to the MDC-Los Angeles for a Psychological and Psychiatric Examination, due to filings by Richard Goldman, whom Plaintiff has filed to dismiss. Plaintiff opposed this Motion and was ignored.

7. That the Defendant's used fraudulent information which should have been expunged from the records, to wit, an attempted malicious prosecution, U.S. v. Ruston 3:01-CR-178-X, and an unlawful arrest by Secret Service Agent Jeffrey Don Elmore in January of 2001.

8. That on or about May 5, 2005, the Defendant's conspired to violate Title 18 § 241 U.S.C. by oppressing Plaintiff's Constitutional Rights to due process, speedy trial and effective assistance of counsel, by conducting a "competency" hearing which violated all of Plaintiff's rights under Title 18 § 4247(d) U.S.C., on the record. Said act resulted in a Title 18 § 4241(d) commitment to the U.S. Attorney General's custody, whom have then sent the Plaintiff to the Springfield Medical Center.

9. That during June of 2005, Plaintiff has duly and legally filed Freedom of Information Act and Privacy Act Requests to the Defendant's, to prove all the allegations of fact contained in this filing and in Ruston v. United States 6:05-CV-03243-RED, Western District of Missouri, Southern Division.

10. That the Defendant's have ignored Plaintiff's filings, violating his Constitutional Right to due process under the Fifth and Fourteenth Amendments to the United States Constitution, and all his rights under Title 5 U.S.C. 552 and 552(a).

DENIAL OF DUE PROCESS:

11. Plaintiff alleges said acts and omissions violate his Constitutional Rights under the Fifth and Fourteenth Amendments to the United States Constitution and all his statutory rights under the Federal Rules of Civil and Criminal Procedure.

12. Further, the Northern District of Texas' United States Attorney's Office has conspired with A. Joe Fish to deny Plaintiff all his rights under Title 42 § 1983, now under investigation in 05-05-372-0063, 5th Circuit Court of Appeals, to deny Plaintiff injunctive relief and obstruct justice.

CLAIMS FOR RELIEF:

13. Plaintiff requests the Court issue an order compelling the Defendant's to provide all requested information, pursuant to Title 5, Section 552 and 552(a), or to hold said Defendant's in contempt of court for their willful failure to do so, following issuance of an order by the Court.

RELIEF REQUESTED:

Wherefore, premises considered, Plaintiff requests the Court grant the following relief:

A. Issue a declaratory judgement stating that:

1. Plaintiff is granted I.F.P. status and is not a prisoner within the meaning of Title 28 § 1915, due to his status as a **"civil commitment"** under Title 18 § 4241(d) (see Perkins v. Hedricks, 340 F.3d 582 8th Cir. 2003).

2. Actions have caused the denial of due process, willfully and purposefully by the Defendant's.

3. Evidence used by the Defendant's should have been expunged from the record, and as caused the denial of Plaintiff's due process rights.

4. That Defendant's have obstructed justice by their denial of release of the information requested.

B. Issue an injunction ordering Defendant's to disclose all information requested, pursuant to 5 U.S.C. 552 and 552(a)(3) (full disclosure-see Vaughan v. Rosen 484 F.2d 820), and ordering Defendant's to cease and desist any further acts of obstruction of justice, and any agent's of Defendant's to cease and desist any further acts of obstruction of justice.

C. Award Compensatory Damages in the following amounts:

1. $1,500.00 for deprivation of property, to wit, stop payment on a check from Revere Staffing and the loss of Plaintiff's vehicle and clothes, due to the willful suppression of evidence exculpatory to findings heard on or about May 5, 2005 in U.S. v. Ruston 3:04-CR-191-G, Northern District of Texas, Dallas Division.

D. Award Punitive Damages in the following amounts:

1. $500.00 for pain and suffering.

E. Grant such other relief as it may appear that Plaintiff is entitled.

Dated July 5, 2005

Respectfully Submitted,

Lester Jon Ruston #26834-177
P.O. Box 4000
Springfield, Missouri 65801

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served upon the Clerk of the Court, with exhibits "A" and "B" on the 9th day July, 2005, by regular U.S. Mail.

Lester Jon Ruston

AFFIDAVIT

My name is Lester Jon Ruston. I am over the age of 18 and am competent to make the following declaration. Evidence of my competence is a matter of State of Texas MHMR records, which have been suppressed by the Defendant's in an attempt to obstruct justice in crimes perpetrated against me over the past seven years.
This Complaint was filed in the Northern District of Texas, Dallas Division, on or about June 23, 2005, and they refused to docket this claim, in violation of my rights under Title 42 § 1983 U.S.C.
All allegations of fact contained herein are true and correct, to the best of Affiant's knowledge and State of Texas and Federal records, sworn to under penalty of perjury with Affiant's signature affixed pursuant to Rule 65 Fed.Rul.Civ.Pro. and Title 28 § 1746 U.S.C. Further, Affiant sayeth naught:

Lester Jon Ruston 7-05-05

EXHIBIT "A" RUSION V. JUSTICE DEPARTMENT/COPY PROVIDED TO PRESS AND SENATE JUDICIARY
June 3, 2005             COMMITTEE/SAME FORM SENT TO THE F.B.I.

United States Secret Service
1800 "G" Street N. W.
Washington, D.C. 20223

## FREEDOM OF INFORMATION AND PRIVACY ACT REQUEST

Pursuant to Title 5, United States Code, section 552 and 552(a), the undersigned respectfully requests the following information from your agency.

1. All official and unofficial records, documents, and/or data contined in the files of your agency. Specifically maintained under my name, and/or an identifier that has been assigned to me and/or my name, stored manually, electronically or elctrically and pertaining in any and all manner to the requestor.

2. This request includes but is not limited to any and all information not otherwise exempt by statute, or exempt by law. See Tarleton v. Saxbe, 507 F.2d 1116, 165 U.S. App. D.C. 293. Menard v. Saxbe, 493 F.2d 1017, 162 U.S. App. D.C. 284 (1974). Sullivan v. Murphy, 478 F.2d 938, 156 U.S. App. D.C. 28 (1973).
All Writs ad prosequendum, writs adtestificandum writs ad subjiciendmum, orders signed by Federal Judges/State Judges pertaining in any form to the requestor. This request also includes but is not limited to the complete file maintained by your agency in whatever way it may be maintained, all papers, communications, documents and other data however entered into said file, whether in the file at this time or out on loan to another agency or individual. To include but not limited to arrest warrants, grand jury transcripts, investigation/investigatory reports, evidentiary reports and/or laboratory/scientific informational reports, analysis and there findings.

3. Your agency is advised that investigation reports in toto, are no longer accorded exempt status unless under the specific exemptions noted, and only with reference to specific exemptions or citations or authority. Paton v. LaPrade, 524 F.2d 862, 868-869, (3rd Cir. 1975), inclusive and updates.

4. It is further requested that your agency in response to the material requested, specifically inform when and to whom the file and/or the material contained therein has been released to any indentifiable individual or agency. Their name, title, purpose and need for the requested information. The date of release, the specific material released, the person within your agency releasing the material and the specific reference to authority, statute or regulation governing such release. (5 U.S.C. 522(a) (1), Paton v. LaParade, Supra. Tarleton v. Saxbe, Supra., Linda R.S. v. Rich D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed. 2d 536, (1973).

5. This request is made pursuant to the Freedom of Information Act, 5 U.S.C. 552 and the Privacy Act, 552(a) together with alternate means of access, to permit maximum access to the material, records and information maintained on file within your agency. If and for any reason it is determined that portions of the requested material, records or information requested is exempt from disclosure under both acts, by statute, regulation or law please include all segregated portions of the documents and the specific exemption relied upon to deny disclosure of the excised or redacted portions.

6. If for any reason a decision is made to not send the requested material, records or information, please furnish a "Vaughn Index" as set forth in Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), correlating specific statements in justification with actual portions of the material, records or information requested. If it is determined any material will be considered confidential due to the indentification of source, be advised, The Supreme Court has upheld; "no material may be withheld under the catch-all category of confidential." That if the source had no reasonable right to expect the information provided would be kept confidential, that then the information may be released.

7. Pursuant to Title 5, U.S.C. (a)(6)(A)(i), it is noted that your agency has Twenty working days (20) following receipt of this request to provide the material, records or information requested. Should any reasonable delay be occasioned, it is requested that your agency inform requestor of the delay and the date as to when this request will be acted upon.

8. A fee waiver is requested, in the alternative a fee reduction is appreciated. However, in the event this request for fee waiver is denied requestor will pay any reasonable cost provided by statute or agency regulation for search and duplicating of the records, material or information requested, following an appeal to the Attorney General.

9. Requestor retains the right to appeal any denial of waiver or the withholding of any records, material or information pertinent to this request. The material, records of information obtained by this request will not be used for reasons other than personal.

Sincerely,

Lester Jon Ruston #26834-177
S.S. #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
P.O. Box 4000
Springfield, Missouri 65801


CERTIFICATE OF IDENTITY

Privacy Act Statement; in accordance with 28 CFR Section 16.41, personal data to identify the individual submitting requests by mail under the Privacy Act of 1975, 5 U.S.C. section 552(a), is required.

Full name of requestor:   Lester Jon Ruston   Reg. No. 26834-177
Current Address:          Medical Center for Federal Prisoners
                          P.O. Box 4000
                          Springfield, Missouri 65801-4000

date of birth: 9-17-57      place of birth: Salt Lake City, Utah
social security number: 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    ID #: 26834-177    Case No: 3:04-CR-191-G

I certify under penalty of law, I am the person named on this request. I further understand the penalty for providing false information on official documents and hereby state; this document of identity contains true facts as to the requestor, pursuant to Title 28 § 1746 U.S.C.

_____          6-03-05
Lester Jon Ruston               Date 6-03-05

cc file/associated press

PAGE 2 EXHIBIT "A" RUSTON V. JUSTICE DEPARTMENT

June 2, 2005

Federal Bureau of Prisons
Attn: FOI Request
320 First St. N.W.
Washington, D.C. 20530

## FREEDOM OF INFORMATION ACT REQUEST LETTER

This request is made pursuant to the Freedom of Information Act, 5 U.S.C. 552, which guarantees the public access to information in the possession of Federal Agencies.

I hereby request all documents in the possession of the B.O.P. regarding a psychological examination of Lester Jon Ruston #26834-177 by a B.O.P. Psychologist named Dr. Maureen Buriss of the MDC-Los Angeles, which occurred beginning in November of 2004 through April of 2005.

I hereby request copies of all documents in Dr. Maureen Buriss' file, including, but not limited to all handwritten notes taken by Dr. Maureen Buriss during her evaluation, all copies in the possession of the Bureau of Prisons reflecting Dr. Buriss' calender/planner for dates in which she met and conversed with Lester Jon Ruston.

I do not need a copy of her "evaluation", just her handwritten notes and all documents in the possession of the Bureau of Prisons regarding date, times and calenders of all meetings with Lester Jon Ruston.

This information benefits the General Public, therefore, I request a waiver of all fees and charges, pursuant to the "Act". Further, I am indigent, which is a matter of record in Los Angeles District Court (see Ruston v. United States).

I require this information as soon as possible, pursuant to the Freedom of Information Act. Further, I request a copy of Dr. Maureen Buriss' Certificate to Practice Psychiatric Medicine in the State of California.

Sincerely,

Les J. Ruston #26834-177
P.O. Box 4000
Springfield, Missouri 65801


P.S. Further, I hereby request copies of all certificates filed with the Court in regard's to this matter.




cc/ file- associated press

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LESTER JON RUSTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:05-CV-0328-G |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

The petitioner in this case is the defendant in a criminal case, *United States v. Ruston*, No. 3:04-CR-191-G, currently pending in this court ("the pending criminal case"). He makes a claim for habeas relief on grounds arising out of, and that can be resolved in, the pending criminal case. Accordingly, the petitioner's claim for habeas relief is **DENIED**, without prejudice to those grounds being reasserted in the pending criminal case.

The petitioner is a serial filer. He has filed multiple cases for habeas relief asserting grounds similar to those alleged in this case. To prevent abuse of the legal system, the clerk shall not -- without written leave from the undersigned -- accept any

further filings from the petitioner, Lester Jon Ruston, except in the pending criminal case.

**SO ORDERED.**

March 2, 2005.

*[signature: A. Joe Fish]*
A. JOE FISH
CHIEF JUDGE

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
NORTHERN DISTRICT OF TEXAS
1100 COMMERCE - ROOM 1452
DALLAS, TX 75242-1495

OFFICIAL BUSINESS

EXHIBIT "A"

EXHIBIT "B"

# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**CHARLES R. FULBRUGE III**
**CLERK**

TEL. 504-310-7700
600 CAMP STREET
NEW ORLEANS, LA 70130

June 13, 2005

Mr. Lester Jon Ruston #26834-177
FCI Medical Center
P.O. Box 4000
Springfield, MO 65801-4000

Dear Mr. Ruston:

    This letter is to acknowledge that your complaint of misconduct against United States Chief District Judge A. Joe Fish and United States Magistrate Judge Irma C. Ramirez is being processed and has been assigned the following docket numbers:

        05-05-372-0063      Chief Judge Fish
        05-05-372-0064      Magistrate Judge Ramirez

    You will be advised, by mail, of the Chief Judge's action on your complaints.

                            Sincerely,

                            CHARLES R. FULBRUGE III
                            Clerk

                By  /s/ Shelley E. Saltzman
                      Shelley E. Saltzman
                      Deputy Clerk