# EXHIBIT 5

Case 1:06-cv-00782-RMU    Document 19-7    Filed 07/25/2006    Page 1 of 5

RECEIVED FEB - 6 2006 CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

FILED JAN 11 2006 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA DISTRICT

LESTER JON RUSTON #28834-177 §
P.O. BOX 4000 §
SPRINGFIELD, MISSOURI 65801 §
    Plaintiff, §
vs. §
 §
UNITED STATES SECRET SERVICE, ET AL §
950 H STREET NW SUITE 8300 §
WASHINGTON, D.C. 20223 §
    Defendants, §

3-06CV0238

CIVIL ACTION _____

JURY TRIAL DEMANDED
CASE NUMBER 1:06CV00040
JUDGE: Unassigned
DECK TYPE: Pro se General Civil
DATE STAMP: 01/11/2006

JURY ACTION

## COMPLAINT

    This is a civil rights action, pursuant to the Federal Tort Claims Act, filed by Plaintiff Lester Jon Ruston, who is a civil detainee at the Medical Center for Federal Prisoners, due to the allegations of fact contained herein. Plaintiff files this timely claim for damages for violations of his civil and constitutional rights, assaults with battery, slander, libel, fraud, abuse of process, deceit, misrepresentation and false imprisonment.

Jurisdiction:

    1. The Court has jurisdiction over the Plaintiff's claims under Title 28 U.S.C. § 1346 (b) and 2671 et seq.

    2. The Court has supplemental jurisdiction under Title 28 U.S.C. § 1391. The Court has additional supplemental jurisdiction pursuant to Title 28 U.S.C. § 1332 "diversity of jurisdiction", as Plaintiff is homeless and the Defendant's are headquartered in the D.C. District.

Parties:

    3. The Plaintiff is a civil detainee, denied all his Constitutional rights under the 4th, 5th, 6th, 8th and 14th Amendments to the U.S. Constitution, due to the acts of the Defendant's, held at the Medical Center for Federal Prisoners pursuant to an alleged fraudulent "civil" commitment, currently under challenge in Ruston v. United States, 05-3243-S-RED-P, Western District of Missouri, Southern Division. Plaintiff's affidavit of indigency is on record in the D.C. Circuit Court in IN RE RUSTON 05-5347, filed in September 2005. Plaintiff claims a waiver of the Prison Litigation Reform Act (PLRA), and has been granted such in Ruston v. United States, Case No. 05-3304-CV-S-RED P, Western District of Missouri, Southern Division (see **Perkins v. Hedrick, 340 F.3d 582 8th Cir.**) Plaintiff is in imminent danger of serious physical injury and has a contract out on his life, as evidenced in F.B.I. file #89B-DL-101826 and in the records of the Dallas, Texas Police Department, Detective Nick Silva, Protective Services and Lt. Bill Humphrey, North Central Sub-Division, all currently being suppressed by the Defendant's.

    4. Defendants are the United States Secret Service, a governmental subdivision of the United States of America, who may be served with process at 950 H Street, NW Suite 8300, Washington, D.C. 20223, Attn. Office of General Counsel.

RECEIVED DEC 29 2005 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

-1-

Facts:

5. On or about September 7, 2005, Plaintiff duly made a timely claim for damages, resulting from the false arrest and wrongful imprisonment by Secret Service Agent Armando Fernandez on or about May 22, 2004, in Carrollton, Texas, and continuing a criminal conspiracy to violate the civil and constitutional rights of the Plaintiff, and obstruction of justice in the attempted murder(s) of the Plaintiff, most recently in May of 2004, aided and abetted by Armando Fernandez and the Secret Service et al.

6. On or about November 2, 2005, Barbara S. Riggs of the Secret Service, a Deputy Director, provided the Plaintiff a right to sue letter, after denying his timely claim for damages. Her denial of claim is fraudulent and gives rise to this litigation.

7. Beginning in 2000, after the Plaintiff had applied to work for the Secret Service at their Irving, Texas location, Plaintiff began to be harassed and stalked by Secret Service Agents Douglas Thigpen and his partner, Special Agent Hazelwood. Both "interviewed" Plaintiff at his hotel room and stole a piece of evidence from him, without due process, in violation of his 4th Amendment Constitutional rights, to wit, a letter from Governor George W. Bush on Governor's stationary.

8. A Director Pearson, of the State of Texas Secret Service then ordered the Plaintiff to Secret Service Headquarters in Irving, Texas, where he harassed and threatened Plaintiff, and admitted to conspiracy with the Plano Independent School District and Keith Sockwell V of acts of organized crime and an alleged criminal violation of Title 18 U.S.C. § 241, to wit, the illegal commitment of Plaintiff to the Wichita Falls State Hospital (Texas), on record, in Plano I.S.D. v. Ruston, 380-786-98, District Court 380, Collin County, Texas.

9. In January of 2001, Jeffrey Don Elmore of the Secret Service, under direct orders, conspired with Charles Sandoval, recused off of Plano I.S.D. v. Ruston, and David Hamilton, a drug dealer, stalker and income tax evader, to arrest the Plaintiff without warrant, and take Plaintiff to Parkland Hospital, where he was injected with drugs to which he is allergic, a wanton abuse of process.

10. Said action violated the 4th, 5th, 6th, 8th and 14th Amendment rights of the Plaintiff, and the Secret Service slandered and libeled the Plaintiff by falsely stating that he was notoriously non-compliant with his medication and out-patient treatment. Plaintiff was not on any medication or out-patient treatment. Said actions resulted in the illegal civil commitment, without court hearings, to the Terrell State Hospital. Said fraudulent evidence is currently being used, on the record, in U.S. v. Ruston, 3:04-CR-191-G, causing Plaintiff's illegal confinement at the Springfield Medical Center for Federal Prisoners and wanton abuse of process, deceit and misrepresentation.

11. Jeffrey Don Elmore then "retaliated" for Plaintiff's criminal complaint to the F.B.I., District Attorney of Dallas County and Dallas Police Department by filing a fraudulent affidavit for the arrest and false imprisonment of Plaintiff in May of 2001, resulting in U.S. v. Ruston, 3:01-CR-178-X, dismissed. Plaintiff was subjected to five months of lost liberty, loss of property, mental anguish, libel and slander. Further, Elmore conspired with Plaintiff's sister to aid and abet the felony theft of all of Plaintiff's property, without due process of law, along with Gary Fernandez of the Carrollton, Texas Police Department, on record in District Court 292, Dallas County, Texas. The telephone records of Allison E. Smith, Plaintiff's sister, clearly establish contact with Thigpen and Elmore, and are on record in U.S. v. Ruston, 3:01-

CR-178-X, Northern District of Texas, Dallas Division. Elmore slandered and libeled Plaintiff by falsely claiming he is mentally ill when medical records from Wichita Falls Hospital clearly identify no mental illness and an illegal commitment, caused by Charles Sandoval, David Hamilton and J. Timothy Brightman, an attorney for Plano I.S.D., with whom the Secret Service, by and through Texas Director Pearson, have openly conspired to aid and abett said criminal act(s), in violation of Title 18 U.S.C. §§ 241 & 2. All evidence of said "fraud" was presented to Douglas Thigpen by officials of the Wichita Falls State Hospital and then suppressed. Further, this evidence was suppressed from officials of Parkland Hospital by Jeff Elmore and his unknown partner and from officials of Terrell. Further, Defendants slandered the Plaintiff, to cause willful infliction of emotional and mental distress.

12. Defendants have continued to stalk and harass the Plaintiff, aided and abetted the attempted murder of the Plaintiff in May of 2004, and have conspired with Defendant Armando Fernandez of the Irving, Texas Secret Service office to aid and abet stalking and attempted murder with the main suspect, Detective Gary Fernandez of the Carrollton, Texas Police Department, all on record in U.S. v. Ruston, 3:04-CR-191-G, currently under Mandamus review in IN RE RUSTON 05-5347 D.C. Circuit Court.

Claim for Damages:

13. The actions of wanton and willful abuse of process by Defendants has caused the deprivation of property without due process, loss of income, loss of contracts, loss of liberty without due process, caused the near death of the Plaintiff and the deaths of some of the Plaintiff's "clients". Said actions have caused immeasurable infliction of emotional and mental distress on the Plaintiff. Plaintiff has now lost another year and one half of his life, due to the constant harassment and aiding and abetting organized crime in Collin and Dallas County by Defendants, all false imprisonment. Defendants further caused infliction of emotional and mental distress by denying these actions when documents in Plaintiff's possession and public records and the employee files of Defendants clearly support these claims.

14. All actions have been willful and purposeful abuse of process, deceit, misprepresentation, slander and libel. Defendants violated Plaintiff's Constitutional rights under the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution and refuse to provide all requests for information pursuant to Title 5 U.S.C. § 552 & 552(a), to obstruct justice in the allegations herein.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter a Judgement for compensatory and punitive damages against the Defendants in the amount of $10,000,000.00 (Ten Million) dollars, as only the strongest message from the court will prevent this type of insane behavior from victimizing any further persons who may become witnesses against the Plano I.S.D., Collin County and Dallas County. Further, the Plaintiff intends to leave the Country to prevent any further violations of a Constitution that does not exist for him, and Defendants should bear this cost.

15. Plaintiff further prays for a jury trial on all issues triable by jury.

16. Plaintiff's costs in this suit.

17. Any additional relief this court deems just, proper, and equitable.

Dated: 12/6/05

Respectfully Submitted,

Lester Jon Ruston #26834-177
P.O. Box 4000
Springfield, Missouri 65801

-3-

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served upon the clerk of the court on this 3rd day of December, 2005, by regular U.S. Mail. Plaintiff is an indigent inmate, whose affidavit of indigency is on record with the court in IN RE Ruston 05-5347 D.C. Circuit Court. Plaintiff does hereby request assistance with service as such, pursuant to the Fed.R.Civ.P.

_____
Lester Jon Ruston

## AFFIDAVIT

Pursuant to Rule 65 Fed.R.Civ.P. the Plaintiff, Lester Jon Ruston does hereby declare, under penalty of law, that all allegations of "fact" contained in this civil action against the Secret Service is true and correct to the best of Plaintiff/Affiant's knowledge and State of Texas and Federal records, pursuant to Title 28 U.S.C. § 1746. Further, Affiant sayeth naught:

_____
Lester Jon Ruston - Declarant
11/26/05