IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESTER JON RUSTON, | § |
| Plaintiff, | § |
| vs. | §   Civil Action No. 06-0782 RMU |
| BARBARA S. RIGGS, | § |
| Defendant, | § |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Comes now, Plaintiff, Lester Jon Ruston, and files this, his Opposition to the Defendant's Motion to Dismiss or Transfer, and would show as follows:

RECEIVED
AUG 1 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

I.

Said filing is untimely. Plaintiff was never served any "extension" by the Court to file this Motion, therefore his Motion for Default Judgment should prevail. Plaintiff is held at the F.C.I. Seagoville, and was arrested in Farmers Branch, Texas on an invalid State of Texas "warrant" by Federal Agents, including Armando Fernandez, of the Secret Service, in alleged criminal violation of 18 U.S.C. §'s 241, 242 and 1201. Said "deprivation" of constitutional rights is claimable, pursuant to 42 U.S.C. § 1983.

II.

Defendant's "duties" of office are clearly specified in 18 U.S.C. § 3056, which do not include kidnapping and torture, nor do they include aiding and abetting perjury and subornation of perjury, as clearly articulated in this complaint. Defendant did clearly obstruct freedom of information request #20050373 with her staff member Kathy J. Lyerly, which occurred in this District, giving this Court subject matter jurisdiction. Further, Defendant has engaged with B.O.P. "staff" to "torture" Plaintiff and are attempting to and have committed "battery" on Plaintiff, to this filing, which justifies complaint and request for injunctive relief. Further, Plaintiff was just placed in Administrative Detention, in retaliation for this and other civil filings, which violates his 8th Amendment protected rights, due to the allegations of this complaint (see Exhibit "A" attached), as held in Allah v. Seiverling, 229 F.3d 220

(3rd Cir. 2000). ¶ 6 of Defendant's motion states her letter was "undated", when it was clearly dated October 28, 2005 and certified.

All references to previous actions omit the acts of Armando Fernandez on or about May 22, 2004, which the Defendant is obstructing, grounds for relief, which can be easily proven at trial and through deposition. Plaintiff objects to "Standard of Review".

III.

Plaintiff has alleged specific acts by the Defendant, which are ongoing, and are allegedly violating statutory and constitutional rights that a reasonable person should know. Plaintiff objects to "Argument". Plaintiff's right to relief is clearly specified in 18 U.S.C. §§ 3771 and 3521. Plaintiff does not hold himself out to be an attorney, and will remind the Court to construe liberally, pursuant to Haines v. Kerner, 404 U.S. 519.bPlaintiff will remind this Honorable Court of the D.C. Circuit's holding in Brown v. Plaut, 131 F.3d 163 (D.C. Cir. 1997). Defendant claimed, in writing, to have investigated, then did obstruct justice and is committing "Witness Tampering" to this filing with B.O.P. personnel. All references to 06-0040 suppress the "fact" that Dallas did commit "fraud" as soon as they got this matter, resulting in an "order" of recusal of Jane Boyle and fraud by A. Joe Fish in Ruston v. United States, 3:06-238-L, now before Sam Lindsay via a Rule 59(e) Motion to Amend or Alter Fish's latest "judgment", i.e. act of fraud and judicial misconduct, suppressed by Defendant's.

IV.

Allegations of "R.I.C.O." are also easily proven at trial. Defendant has conspired with two Texas lawfirms to commit "Extortion" and mail fraud, and to aid and abett a bookmaking operating and drug trafficking ring, clearly demonstrated in "discovery" motions and "public record" in Plano I.S.D. v. Ruston, 380-786-98 District Court 380, Collin County, Texas and Ruston v. Sandoval, 4:00-CV-341 Eastern District of Texas, Sherman Division. Hundreds of "victims" have suffered at the hands of fraud by these two lawfirms, on public record. The Defendant's conspiracy with David Hamilton is also easily shown at trial and "discovery", which Defendant is obstructing, which destroyed Plaintiff's business, Penguin Enterprises Unlimited. Plaintiff will also remind the Court he is jailed, due to Defendant, illegally, citing Cruz v. Beto, 405 U.S. 319, 322

(1972) and Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Defendant is aiding and abetting kidnapping and torture.

Plaintiff objects to false claim of Res Judicata. **Armando** Fernandez actions have never been claimed. Plaintiff relied on Court for service.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF DOES FILE THIS OBJECTION, AND DOES MOVE THE COURT TO SUSTAIN THIS OBJECTION, AND ALLOW PLAINTIFF TO PROCEED.

RESPECTFULLY SUBMITTED,

LESTER JON RUSTON #26834-177
P.O. BOX 9000
SEAGOVILLE, TX. 75159

CERTIFICATE OF SERVICE

A TRUE AND CORRECT COPY OF THE FOREGOING INSTRUMENT WAS PROVIDED TO THIS COURT ON THE 7TH DAY OF AUGUST, 2006, BY REGULAR U.S. MAIL.

LES J. RUSTON

OLIVER W. MCDANIEL
AUSA
555 FOURTH ST., N.W.
WASHINGTON, D.C. 20530

3

*[Handwritten top left:]* ALLAH V. SEIVERLING, 229 F.3d 220 (3d Cir. 2000)

*[Handwritten top center:]* CFR 541.20

*[Handwritten top right:]* HEWITT V. HELMS, 459 U.S. 460 (1983)

*[Handwritten right:]* SEALEY V. GILTNER, 197 F.3d 578 (2d Cir. 1999)

## ADMINISTRATIVE DETENTION ORDER

Institution __FCI SEAGOVILLE__
Date/Time __08-02-06 / 4:56PM__

TO: Special Housing Unit Officer

FROM: __J. Budzinski, Lieutenant__, (Name and Title)

SUBJECT: Placement of __Ruston, Lester__ Reg No __26834-177 J-A-Unit__ in Administrative Detention

____ a)   Is pending a hearing for violation of Bureau regulations
____ b)   Is pending investigation of a violation of Bureau regulations
_X_ c)   Is pending investigation or trial for a criminal act;
____ d)   Is to be admitted to Administrative Detention

   ____ 1)   Since the inmate has requested admission for protection:

          I hereby request placement in A/D for my protection.

          Inmate signature and number _____

          Staff witness (Printed/Signature) _____

   ____ 2)   Since a serious threat exists to the individual's safety as perceived by staff, although person has not requested admission, referral of the necessary information will be forwarded to the UDC/DHO for appropriate hearing.

____ e)   Is pending transfer or is in hold-over status pending transfer.
____ f)   Is pending classification; or
____ g)   Is terminating confinement in Disciplinary Segregation and has been ordered into Administrative Detention by the Warden's designee.

*[Handwritten right of c):]* WITNESS TAMPERING 18 U.S.C. SECTION 1512

It is this officer's decision based on all the circumstances that the above named inmate's continued presence in the general population poses a threat to life, property, self, other inmates, or to the security of or orderly running of the institution because

**YOU WERE PLACED IN ADMINISTRATIVE DETENTION PENDING INVESTIGATION FOR THREATENING A GOVERNMENT OFFICIAL.**

Therefore, the above named inmate is to be placed in Administrative Detention until further notice.  The inmate received a copy of this Order on (date and time) __08-02-06/ 4:56P.M__
Staff witness Printed Name/Signature: __B. LANDIN/__ *[signature]*

cc:   Inmate - Captain - Unit Manager - Operations Lieutenant - Central File

*[Handwritten bottom:]* 18 U.S.C. SECTION 1513 RETALIATION

*[Handwritten bottom right:]* 6TH AMENDMENT "CONFRONTATION" VIOLATION

*[Handwritten bottom center:]* EXHIBIT "A"   RUSTON V. RIGGS

COPY OF LETTER TO
F.B.I. SPECIAL AGENT
KIRT HODGES-CASE
REFERRED TO E. DANIELLE ALEMAN
April 21, 1999

*PATTY, EXHIBIT -A RUSTON V. RIGGS 06-0782 RMU*

*PLEASE CONTACT SPECIAL AGENT KIRT HODGES AT 972-423-8040 AND TELL HIM EVERYTHING YOU KNOW ABOUT CASE. ALSO PLEASE CONTACT ATTORNEY GENERALS OFFICE 512-463-2100*

Dear Agent Hodges,

You asked for further evidence of bribery of District Judge Charles Sandoval. I offer the following:

COPY OF LETTER TO F.B.I. PLANO BUREAU-TITLE 18 U.S.C. § 241
Charles Sandoval conspired to have me unlawfully committed to Wichita Falls State Hospital. He is now trying desperately to cover up his involvement, as are PISD and their attorney, J. Timothy Brightman.

I attended a hearing on April 16, 1999 in Sandoval's court. He almost had a heart attack when I passed him in the hall. They did not expect me to attend, in fact, I believe they were counting on it so they could railroad me back into their jail.

During this hearing Sandoval stated, on record, he had never heard of Dan Wilson, my attorney on my competency/mental health hearing. Dan Wilson walked into Sandoval's court on February 18th to take over my case. Sandoval denied his motion. Lisa M. Renfro, court reporter, can verify this fact at 972-424-1460 ext 4661.

I discussed this in person with Danny on Monday April 19, 1999. He laughed and said it was a bold faced lie. Danny can be reached at 972-562-0777. I did a nice piece of detective work for The State of Texas while in Wichita Falls. Collin County is sending people there illegally all the time, courtesy of the Judges and Thomas S. O'Connell, Jr. My act of fraud cost the State around $10,000.00, which upsets The State MHMR.

The Plano Police are a waste of time. I have asked for their help, however, due to my intelligence on Ludkey, they hate my guts. The feeling is mutual. Glasscock won't answer anything. His "legal advisor" is answering everything for him.

I am going to Federal Court with this people. One of my legal advisors is Daniel Perez. He has intelligence on the Collin County Judges you won't believe. They are regularly violating civil rights. Contact Daniel at 214-521-4394. He is a former Dallas County Judge. I hooked him up with my Federal lawyer, Richard Howard IV.

Tim Brightman, attorney for PISD, has told several people, including my family members, to file false police reports on me repeatedly, to discredit me. My brother has admitted to it in writing and The Carrollton Police are now investigating my sister for similar actions.

Sandoval is ordering me to let PISD know where I live. These people threatened to have me killed and have filed false police reports, threatened to "make up charges" against me etc. How much more evidence do you need? You are the smartest investigator I have talked to in this matter. I tryed to get Danielle Aleman's help. She is useless. I am 100 times a better investigator than her.

EXHIBIT "B" IN RE RUSTON PAGE 2 OF 2 F.B.I. LETTER TO SPECIAL AGENT KIRT HODGES OF PLANO BUREAU, REFERRED TO DALLAS SPECIAL AGENT E. DANIELLE ALEMAN

page two

EXHIBIT "A" RUSTON V. RIGGS   06-0782 RMU

You understood my situation and the law better than some lawyers I have talked to. Both "Court" appointed lawyers are full of crap. They are doing what O'Connell and Sandoval tell them.

I was told by Glenn Adams, second "court appointed" attorney that I was going to be charged with the attempted murder of my brother. The problem with this is that it never happened.

I want Adams to explain this to you as my sister told me he is being threatened by someone, either O'Connell or Sandoval. I sent a sworn affidavit to The Plano Police to investigate this, but I am counting on nothing from them.

My contacts on the Dallas Police told me to file civil cases on my family members, which I am doing, to stop the false police reports.

Tim Brightman claimed no involvement in the Wichita Falls incident. He orchestrated it. He also walked into court April 16, 1999, with Charles Sandoval, side by side into Sandoval's chambers.

Instead of form letters from Dillon, either help me investigate this matter or send me a copy of your guidelines for Richard Howard. The media is on this case as is Washington now. I contacted Al Gore regarding this matter. I believe they are interested since Governor Bush told me he did not have a role in investigating organized crime in his state. "The Education Governor" does not care about criminal activity in Plano ISD. They have bankrolled Abernathy's lawfirm for years and Abernathy has proven he will violate State law to protect his nestegg. I would dig into his records big time.

Homer Reynolds, a Plano lawyer, has intelligence on Abernathy that could prove helpful to you. As I have stated, I am a damn good investigator. I really don't want to die, so would you please consider me for Federal Witness Protection.

Sincerely,

Les J. Ruston
P.O. Box 703-853
Dallas, Texas 75370

IN RE RUSTON EXHIBIT "A" PAGE 1 OF 4     = PETITION FOR A WRIT OF ERROR CORAM NOBIS

RUSTON V. RIGGS  06-0782 RMU



12/11/00

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
DEC - 7 2000
DAVID J. MALAND, CLERK
BY DEPUTY

LES J. RUSTON          §
                       §   CIVIL ACTION
VS.                    §   JURY
                       §
JUDGE CHARLES SANDOVAL §   WRIT OF MANDAMUS NOT DOCKETED

## ORDER GRANTING DEFENDANT SANDOVAL'S MOTION FOR SANCTIONS

1   On December 1, 2000, at 2:00 p.m. a hearing was held on DEFENDANT SANDOVAL'S MOTION FOR SANCTIONS AND BRIEF IN SUPPORT. All the parties were duly notified of the hearing which was set by ORDER of this Court. The Plaintiff failed to appear. Defendant Sandoval was represented by his counsel Robert J. Davis.

2   The Defendant complied with FED. R. CIV. P. 11(C)(1)(A), in that counsel for Judge Sandoval sent a letter to Plaintiff and requested that he dismiss the frivolous claims made against Judge Sandoval. In response, on September 20, 2000, Plaintiff left a threatening voice mail wherein Plaintiff refused to dismiss Judge Sandoval

3   Having reviewed the pleadings and other documents in this case, listened to argument and evidence presented by counsel Robert Davis, and considered DEFENDANT SANDOVAL'S MOTION FOR SANCTIONS AND BRIEF IN SUPPORT, this Court is of the opinion that Defendant Charles Sandoval's Request for Sanctions should be granted.

4   Based on the pleadings on file in this case, DEFENDANT SANDOVAL'S MOTION FOR SUMMARY JUDGMENT AND documents attached thereto, DEFENDANT SANDOVAL'S MOTION FOR EXPEDITED HEARING ON MOTION FOR SANCTIONS and documents attached thereto, DEFENDANT SANDOVAL'S MOTION FOR SANCTIONS AND BRIEF IN SUPPORT, and the evidence presented by counsel Robert Davis, the Court finds that Plaintiff's lawsuit was filed for the purpose of harassment and to seek

*Ruston v. Riggs, 06-0782 RMU* [handwritten]

revenge from the Presiding Judge in a civil case in violation of FED. R. CIV. P. 11. It is clear from the evidence presented and the documents attached to DEFENDANT SANDOVAL'S MOTION FOR SUMMARY JUDGMENT and DEFENDANT SANDOVAL'S MOTION FOR EXPEDITED HEARING ON MOTION FOR SANCTIONS that Plaintiff is dangerously irrational and using litigation as a tool to harass Judge Sandoval and Collin County.

[handwritten: 5]   As detailed in DEFENDANT SANDOVAL'S MOTION FOR SUMMARY JUDGMENT and found by this Court in its ORDER of October 5, 2000, granting summary judgment, Judge Sandoval is completely immune from Plaintiff's claims by virtue of his Judicial Immunity and Qualified Immunity. Plaintiff has violated FED. R. CIV. P. because he has no good faith argument for the extension, modification or reversal of existing law or the establishment of new law, which would [handwritten: CRIME ?] justify Plaintiff's complete disregard of the doctrines of judicial immunity and qualified immunity. Although the law in this area has been well established for years, the Plaintiff has openly disregarded it in his zeal to harass Judge Sandoval and cause Judge Sandoval to incur unnecessary costs and expenses.

[handwritten: 6]   The Court further finds that Plaintiff's history of threats, criminal conduct and mental instability, along with his current threatening communications to Judge Sandoval and his counsel Robert J. Davis, necessitates the imposition of further orders by this Court. It appears to the Court that Plaintiff intends to continue to misuse the legal system by filing additional claims against Judge Sandoval, Collin County, and their Counsel. Thus, the Court hereby finds that to deter Plaintiff's abusive litigation, an order should be entered prohibiting Plaintiff from initiating any more lawsuits [handwritten left margin: TITLE 18 SECTION 2] concerning the allegations contained in the instant lawsuit against: (1) Judge Sandoval, (2) Collin County, (3) any officers, agents, servants or employees of Collin County, and (4) the undersigned Counsel and his Firm. Moreover, a standing Order should be entered prohibiting Plaintiff from initiating any more lawsuits against: (1) Judge Sandoval, (2) Collin County, (3) any officers,

Ruston v. Riggs 06-0782 RMU

*[handwritten margin note:]* VIOLATED MARCH 17, 2006

agents, servants or employees of Collin County, and (4) the undersigned Counsel Robert J. Davis and his Firm until it has first been reviewed by the Court for a determination that the claims set forth a legitimate request for relief and approved by the Court for filing and service.

IT IS, THEREFORE, ORDERED that the following Sanctions are imposed to halt Plaintiff's abusive tactics and deter such conduct in the future by Plaintiff or others:

*[handwritten margin note:]* EXTORTION

(1) Defendant Charles Sandoval is hereby awarded his costs and attorney's fees in the amount of Eight Thousand Three Hundred Forty Seven Dollars and Sixty Nine Cents ($8,347.69), for which let execution issue. Such amount shall be tendered to the registry of the court within thirty days from the entry of this ORDER.

*[handwritten margin note:]* R.I.C.O. RACKETEERING 18 U.S.C. SECTION 1961/1962

(2) Plaintiff Les Ruston is expressly prohibited from initiating any more lawsuits concerning the allegations contained in the instant lawsuit against (1) Judge Sandoval, (2) Collin County, (3) any officers, agents, servants or employees of Collin County, and (4) the undersigned Counsel Robert J. Davis and his Firm MATTHEWS, CARLTON, STEIN, SHIELS, PEARCE, DUNN & KNOTT and any officers, agents, servants or employees of said Firm;

*[handwritten margin note:]* MAIL FRAUD TORTURED BRETT BARNES, PLANO TEXAS TO DEATH SEPT. 2004 DALLAS MORNING NEWS 18 U.S.C. SECTION 1112

(3) Plaintiff Les Ruston is expressly prohibited from initiating any more lawsuits of any kind or any nature against (1) Judge Sandoval, (2) Collin County, (3) any officers, agents, servants or employees of Collin County, and (4) the undersigned Counsel Robert J. Davis and his Firm MATTHEWS, CARLTON, STEIN, SHIELS, PEARCE, DUNN & KNOTT and any officers, agents, servants or employees of said Firm until it has first been reviewed by the Court for a determination that the claims set forth a legitimate request for relief and approved by the Court for filing and service.

*Ruston v. Riggs, 06-0782 RMU*

The failure of Plaintiff to pay the attorney's fees and costs listed this ORDER, as well as comply with the other terms of this ORDER, shall result in such additional and further sanctions which the Court deems just and fair under the evidence.

The Clerk of this Court shall serve a copy of this ORDER upon Les. J. Ruston by regular mail and by certified mail, return receipt requested.

SIGNED this 7th day of December, 2000.

*[signature]*
PAUL BROWN
UNITED STATES DISTRICT JUDGE

ORIGINAL

EXHIBIT "A" 4 PAGES
Ruston v. Riggs
06-0782 RMU

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 2 2 2006
CLERK, U.S. DISTRICT COURT
By _____
Deputy

LESTER JON RUSTON       )
                        )
V.                      )        3-06-CV-238-B
                        )
UNITED STATES SECRET SERVICE  )

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

United States Magistrate Judge William F. Sanderson, Jr., made findings, conclusions and a recommendation in this case. No objections were filed. The District Court reviewed the proposed findings, conclusions and recommendation for plain error. Finding none, the Court accepts the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

SO ORDERED this 22nd day of March 2006.

FALSE

FRAUD

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

RECUSED

28 U.S.C. 455(b)(3)



THIS WAS TRASHED BY COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LESTER JON RUSTON,         §
                           §
    Plaintiff,             §
                           §
vs.                        §   Civil Action No. 3:06-CV-0238-D-ECF
                           §
UNITED STATES SECRET SERVICE, §
                           §
    Defendants,            §

ANSWER AND EXCEPTIONS TO THE MAGISTRATE JUDGES REPORT

Comes now, Plaintiff, Lester Jon Ruston, and files this, his Answer and Exceptions to the Magistrate Judges "report" in the above numbered and styled cause of action, and would show as follows:

I.

Plaintiff was served a copy of said "report" on or about May 6, 2006. The Plaintiff's mail is being obstructed and tampered with by the Justice Department, in retaliation for civil filings and all the fraud committed in U.S. v. Ruston, 3:04-CR-191-G. Said acts are alleged criminal violations of Title 18 U.S.C. § 1702 & 1708.

II.

Plaintiff, Lester Jon Ruston, filed this matter in Washington, D.C. because the denial of his Federal Tort Claim came from Barbara Riggs out of Washington, D.C. and all Federal Judges in Dallas are insane and alleged criminals, in violation of Title 18 U.S.C. § 1961 "R.I.C.O." with crimes too numerous to list here. Plaintiff has filed a "Bivens" action in the Western District of Missouri in Kansas City styled Ruston v. Fish, et al 06-3077-CV-S-RED. Magistrate Judge William Sanderson is a listed Defendant and should have recused himself from this civil matter, pursuant to Title 28 U.S.C. § 144 and 455, yet did not. Plaintiff has filed for a Temporary Restraining Order against all listed Defendants, due to years of fraud and abuse of process, and Sanderson's "Recommendations" is an "Exhibit" in Affidavit in support of a TRO. Sanderson has signed a fraudulent arrest warrant against Plaintiff, his "motive" for all allegations

-1-

in the civil action in Kansas City.

### III.

Plaintiff is a resident of the Western District of Missouri, and has filed for a Temporary Restraining Order against all State and Federal Officials of the State of Texas, who have tried to murder the Plaintiff, stalked the Plaintiff repeatedly, and used their courts to cover it up. Pursuant to Title 28 U.S.C. § 1402(b), Plaintiff has filed an objection to the D.C. District Court for the transfer order, and challenged such, due to the allegations of fact in IN RE WESTON 05-11803 5TH Cir. Jan. 2006, yet to be adjudicated. Magistrate Judge Sanderson has suppressed this "fact" from his report, willfully and purposefully, "is "motive" to the fraudulent arrest warrant he has signed and his role in a conspiracy to "torture" the Plaintiff, in alleged criminal violation of Title 18 U.S.C. § 2340.

### IV.

Sanderson has also suppressed a copy of Plaintiff's sworn affidavit with regards to Defendant, Jeffrey Don Moore, of the U.S. Secret Service, who committed perjury on an Affidavit, to aid and abett a murder for hire conspiracy, stalking and a R.I.C.O. Racketeering "mafia" led by Charles Sandoval, of Plano, Texas, last known address 1212 Greenpark, Plano, Texas 75075. This willful suppression of evidence is aiding and abetting a criminal violation of Title 18 U.S.C. § 241 by Sanderson, his "motive".

### V.

Plaintiff has filed a Motion to Transfer Venue, both to D.C. and to the Dallas Court, pursuant to Title 28 U.S.C. § 1406(a). Sanderson failed to mention this in his Recommendations, as Sanderson has allegedly engaged in organized crime with the Defendants for years ,personally investigated by the Plaintiff, "motive" for the insane attacks by the Northern District of Texas, Dallas Division Courts. Further, these clerk's are "trashing" Plaintiff's filings and A. Joe Fish, has ordered said clerk's to obstruct justice, which constitutes criminal coercion of a public servant, abuse of official capacity and improper influence, all violations of the Texas Penal Code.

Wherefore, premises considered, Plaintiff does file this, his Answer and Exceptions to the Report and Recommendations of the Magistrate Judge. Due to the allegations of tampering with Plaintiff's mail, etc., and the involvement of the Attorney General's Office in the allegations of the violation of State of Texas and Federal laws, the Plaintiff would move the Honorable Court to appoint "Special Counsel" to investigate said allegations, pursuant to Title 28 U.S.C. § 591.

Respectfully Submitted,

Lester Jon Ruston #26834-177
P.O. Box 4000
Springfield, Missouri 65801-4000

### CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served upon the clerk of the court on this 12th day of March, 2006, by regular U.S. Mail.

---

Lester Jon Ruston

### AFFIDAVIT

Pursuant to Rule 65, Fed.R.Civ.Pro. the Affiant does state, under penalty of law, that all of the allegations of "fact" contained herein are true and correct to the best of Affiant's knowledge and State of Texas and Federal records, sworn to under penalty of perjury with affiant's signature affixed, pursuant to Title 28 U.S.C. § 1746. Further, Affiant sayeth naught:

---

Lester Jon Ruston - Declarant
3-7-06

-3-

Psychological Evaluation
RUSTON, Lester
Register Number 26834-177

*Paragraph 14.*

Psychological Tests:

    Minnesota Multiphasic Personality Inventory - II (MMPI-II)

Attended Competency Group ten times

Review of Records:

    National Criminal Information Center (NCIC) Record, dated June 13, 2001 (8 pages)

    Court Order Requesting Psychiatric Examination, dated May 30, 2001 (2 pages)

    United States Marshals Tracking Sheet, dated May 11, 2001 (1 page)

    Records from Carlton C. McClarty, Assistant Federal Public Defender, various dates (161 pages)

    Records from Sergeant Patrick Mulkern, Criminal Intelligence Unit, Plano, Texas, various dates (66 pages)

    Eight voice mail messages of the defendant to various parties, from December 12, 2000, to May 7, 2001, provided by Sergeant Patrick Mulkern, Criminal Intelligence Unit, Plano, Texas

    Records from Special Agent Michael A. Pritchard, United States Secret Service, various dates (5 pages)

    Voice mail recording of the defendant to Special Agent Thigpen, United States Secret Service, dated April 2, 2001

## Background Information

The defendant's reported social history will be given in its entirety despite the questionable reliability of his account. He indicated he was born in Salt Lake City, Utah, to a Margaret and Victor Ruston, where he resided for the first nine years of his life prior to moving to Kansas City, Kansas, for three years, and then subsequently to Dallas, Texas. He volunteered his parents were divorced in 1976, but initially denied having any current knowledge of them as he is "estranged from them." His mother indicated the divorce occurred in 1977. He stated, "As far as I know they are in a cult and have mental problems." At a latter point in the interview, he volunteered his father remarried briefly after the divorce and stated, "He's [father] in a cult. Mormons."

*PARAGRAPH 6.*

-1-

# FEDERAL BUREAU OF INVESTIGATION

*EXHIBIT "A" RUSTON V. RIGGS 06-0782 RMU*

Date of transcription  06/17/2004

On May 22, 2004, at approximately 5:00 AM surveillance was initiated at Revere Staffing Services (RSS), 14720 Webb Chapel Road, Farmers Branch, Texas in an attempt to arrest LESTER JON RUSTON pursuant to a Dallas County felony warrant. Arrest team personnel included SSA Armando Fernandez, SAs Rolando R. Lopez, J. Brooke Donahue, Diana Tenaglia, E. Danielle Aleman and James K. Ellis, TFOs Glenn Bradshaw and Humberto Saucedo, and Deputy United States Marshal (DUSM) Tom Schneider.

5:10 AM - RUSTON was arrested after exiting RSS, where RUSTON is employed. RUSTON was searched as were his belongings, no items were seized.

5:37 AM - A Carrollton Police Department (CPD) patrol unit transported RUSTON to the Carrollton City Jail, where he processed into the jail.

6:15 AM - RUSTON is advised of his rights by SA Ellis and DUSM Schneider. RUSTON agreed to waive his rights and be interviewed.

7:30 AM - The interview was concluded, and RUSTON was escorted by CPD personnel to a jail cell.

---

Investigation on  05/22/2004  at  Farmers Branch, Texas

File # 89B-DL-101826                                Date dictated  05/28/2004

by  SSA Armando Fernandez, SAs Rolando R. Lopez, J. Brooke Donahue, Diana Tenaglia, E. Danielle Aleman and James K. Ellis

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.