**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LESTER JON RUSTON** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 06-0782 (RMU))** |
| **BARBARA RIGGS,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY MEMORANDUM TO PLAINTIFF'S**
**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER**

The Defendant, through counsel, the United States Attorney for the District of Columbia, sued both in her individual and official capacities, respectfully submits this Reply Memorandum to Plaintiff's Opposition to Defendant's Motion to Dismiss Or To Transfer.

**I.**

Plaintiff has failed to provide a basis for this Court to grant his Motion for Default Judgment. Plaintiff incorrectly asserts that Defendant did not timely file her Motion to Dismiss or to Transfer. Pl. Opp. at 1. On June 30, 2006, Defendant filed a Motion for Extension of Time to File an Answer, which requested an extension of time to July 25, 2006. Pacer Docket No. 13. Defendant timely filed his Motion to Dismiss Or Transfer on July 25, 2006. Pacer Docket No. 19.

Contrary to Plaintiff's argument that the Court "never served any 'extension,'" it is the Defendant (not the Court) who is obligated to serve Plaintiff. Defendant attached a Certificate of Service to this Motion which correctly states that the Motion and supporting Memorandum of Points and Authorities had been served on the Plaintiff by U.S. Mail on June 30, 2006. Pacer Document No. 13 (Certificate of Service). Accordingly, Defendant has complied with her statutory

service obligation by delivering a copy of the extension to the Plaintiff. Thus, no grounds exist upon which this Court should grant Plaintiff's request for a default judgment.

Plaintiff also incorrectly claims a violation of 42 U.S.C. § 1983 by Agent Armando Fernandez of the U.S. Secret Service. Pl. Opp. at 1. Section 1983 applies only to actions under color of state law and does not ordinarily provide a basis for claims against federal officials. See 42 U.S.C. § 1983 (imposing liability upon "[e]very person" acts "under color of any statute, ordinance, regulation, custom, or usage, of any **State** or Territory or the District of Columbia."(emphasis added)). See also Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987). In his Opposition, Plaintiff refers to Fernandez as a "Federal Agent." Id. Thus, 42 U.S.C. § 1983 is not applicable to Fernandez's allegations against Plaintiff because her employee is a federal official acting under color of federal law, not an official acting under color of state law.

**II.**

Plaintiff makes several flawed attempts at saving his FTCA and Bivens claims from dismissal. First, he characterizes Defendant's actions as being beyond the scope of her federal employment. Second, he attempts to subject her to liability under Bivens pursuant to *respondeat superior* principles of liability. Finally, he proffers a new claim against the Defendant which is without merit.

In an apparent effort to prevent the dismissal of his FTCA claim against Defendant in her official capacity, Plaintiff relies on 18 U.S.C. § 3056 to suggest that Defendant was not acting in her official capacity. See Pl. Opp. at 1 (Section II). This statute lists the powers, duties, and authorities of the U.S. Secret Service. Plaintiff fails to specify exactly what conduct Defendant personally engaged in that justifies liability, and his assertion that kidnaping, torture, and subornation of perjury

are not listed in this statute while true overlooks the fact that Plaintiff's allegations of criminal conduct by Defendant are groundless and, based on other allegations in the Complaint, clearly could only relate to actions ostensibly taken by Defendant within the scope of her employment. See id. Plaintiff has grossly misconstrued Defendant's decisions regarding his arrest, prosecution, and subsequent commitment to a mental institution in order create a possible basis for liability (Section II). These unsupported, bald allegations, however, are insufficient to deprive the Defendant of the immunity from suit to which she is legally entitled given the certification by the Chief of the Civil Division of the Office of the United States Attorney for the District of Columbia. See 28 U.S.C. § 2679(b)(1).

Plaintiff attempts to rescue his Bivens claim by contriving an alleged violation of his statutory rights under the Freedom of Information Act (" FOIA"). Plaintiff appears to allege that Defendant obstructed the processing of his FOIA request through the acts of her subordinate, Kathy J. Lyerly. Pl. Opp. at 1 (Section II). This ambiguous and unspecified Bivens claim ultimately should fail.

"Officials sued for constitutional violations do not lose . . . qualified immunity merely because their conduct violates some statutory or administrative provision." Davis v. Scherer, 468 U.S. 183, 194 (1984). FOIA stems from statutory, not constitutional provisions. Thus, Plaintiff's allegation regarding Defendant's alleged obstruction of his FOIA request fails to set forth the violation of a clearly established constitutional right, a fundamental requirement of a Bivens claim. Further, it is well-established that special factors counseling against the creation of an alternative Bivens-type remedy must be recognized where a comprehensive statutory scheme has been established to provide relief in a given area. See Mittleman v. U.S. Treasury, 773 F. Supp. 442, 454

(D.D.C. 1991) (Privacy Act bars plaintiff's constitutional claims); see also, Hubbard v. U.S. E.P.A. Adm'r, 809 F.2d 1, 10-11 (D.C. Cir. 1986) (Bivens claim subject to dismissal where plaintiff enjoys a comprehensive statutory forum for his constitutional claims). The FOIA is just such a statutory scheme providing for relief in the area where Plaintiff here claims to have been wronged.

Plaintiff's attempt to subject Defendant to liability pursuant to Bivens through the acts of her subordinate, Ms. Lyerly, is legally improper. Courts have consistently rejected a *respondeat superior* theory of personal liability in the context of constitutional tort liability. Monell v. Department of Social Services, 436 U.S. 658 (1978); Cameron v. Thornburgh, 983 F.2d 253, 258 (D.C. Cir. 1993); Meyer v. Reno, 911 F. Supp. 11, 15 (D.D.C. 1996). See also, Simpkins v. District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997) ("Bivens claims cannot rest merely on respondeat superior . . . The complaint must at least allege that the defendant federal official was personally involved in the illegal conduct."); Boykin v. District of Columbia, 689 F.2d 1092, 1097-99 (D.C. Cir. 1982); Tarpley v. Greene, 684 F.2d 1, 9-11 (D.C. Cir. 1982). In Cameron, the D.C. Circuit dismissed the Attorney General and Director of the Federal Bureau of Prisons (BOP) from the suit because the complaint failed to allege their personal involvement and was based solely "on the bare assumption" that policy decisions in the District of Columbia influenced the prisoner's treatment in a federal prison in Indiana. Id. at 258. See also Meyer , 911 F. Supp. at 15 (discussing *respondeat superior* within the context of federal inmate lawsuits. "Absent any allegations that defendants Reno and Hawk personally participated in the events which gave rise to the plaintiff's claims, or any corroborative allegations to support the inference that these defendants had notice of or acquiesced in the improper securing of detainers against the plaintiff by their subordinates, dismissal is appropriate." (internal citations omitted)). Therefore, any potential Bivens claims against this

defendant, whose only relationship to the instant litigation is her ultimate supervisory status, must be dismissed. Individual liability for damages for violations of constitutional rights is predicated upon personal responsibility. Schultz v. Baumgart, 738 F.2d 231, 238 (7th Cir. 1984). Hence, the Plaintiff cannot have Defendant held individually and personally liable for her actions merely as a supervisor.

Plaintiff's final, desperate attempt to allege a viable Bivens claim involves an allegation of retaliation by Defendant. Plaintiff claims that his Eighth Amendment rights were violated when he was placed in Administrative Detention in retaliation for his filing the Complaint in this action. Pl. Opp. at 1 (Section II). In order to support this allegation, Plaintiff attached Exhibit A to his Opposition. Exhibit A, apparently, is an Administrative Detention Order, dated August 2, 2006, in which Plaintiff was placed in Administrative Detention, "pending investigation or trial for a criminal act." It appears that Plaintiff or someone else has written in citations to federal cases and statutes at several places on this order.

This new allegation is not actionable for several reasons. First, this new claim has not been fully exhausted at the administrative level and is not ripe for judicial review. See Booth v. Churner, 532 U.S. 731 (2001); 42 U.S.C. § 1997e(a). The language written on the exhibit is not evidentiary and should be stricken. Finally, the exhibit itself contradicts Defendant's claims of retaliation. This Administrative Detention Order states "YOU WERE PLACED IN ADMINISTRATIVE DETENTION PENDING INVESTIGATION FOR THREATENING A GOVERNMENT OFFICIAL." Thus, Plaintiff again, substantively, has failed to assert a viable Bivens claim since by his own allegations and admissions it appears that no clearly established constitutional right has been violated. See Allah v. Seiverling, 229 F.3d 220, 224-226 (3rd Cir. 2000) (cited by Plaintiff). Contrary

to the very authority cited by Plaintiff (Seiverling), given that the stated purpose of the confinement relates to a threat by Plaintiff, Plaintiff's allegation of a retaliatory motive is ill-founded. Id. at 224-225. Moreover, Plaintiff has failed to allege an adverse action. Unlike the Plaintiff in Seiverling, he has not claimed and cannot claim that he has inadequate access to legal research materials and assistance, particularly given his ability to draft the instant opposition to Defendant's motion to dismiss or transfer. Id. at 225.

**III.**

Plaintiff also appears to oppose Defendant's assertion of qualified immunity in defense of liability in her individual capacity. Pl. Opp. at 2 (Section III). He asserts that Defendant's specific acts violated "statutory and constitutional rights that a reasonable person should know." Id. Plaintiff fails to specify the contours of his clearly established rights which a reasonable official would understand that he was violating. See Wilson v. Layne, 526 U.S. 603, 609, 119 S.Ct. 1692, 1699 (1999) (internal citations omitted). He makes only bald references to 18 U.S.C. §§ 3771 (rights of crime victims) and 3521 (witness protection and relocation) and offers no logical ways in which these statutes apply to him or his circumstances. See Pl. Opp. at 2 (Section III). Thus, Plaintiff's mere allegations are insufficient to deprive Defendant of qualified immunity.

Consistent with his approach to pleading, Plaintiff continues to make groundless allegations of criminal violations by Defendant which fail to consistute constitutional violations. See Pl. Opp. at 2 (Section III) (putting forth unspecific and unclear allegations of witness tampering, fraud, and judicial misconduct). While Defendant does not contest the Court's duty to construe liberally the allegations of this *pro se* Complaint, duty of liberal construction clearly does not eradicate the need to set forth facts which make out an actionable claim.

**IV.**

Plaintiff makes additional allegations in his Opposition in an apparent attempt to save his RICO claims. However, this attempt again fails to satisfy the statutory criteria. A violation of the RICO Act consists of four elements: 1) conduct 2) of an enterprise 3) through a pattern 4) of racketeering activity. Pyramid Securities Ltd. v. IB Resolution Inc., 924 F.2d 1114 (D.C. Cir 1991) (quoting Sedima, SPRL v. Imrex Co, 473 U.S. 479, 496 (1985). The RICO Act defines the term "pattern of racketeering activity" as requiring the commission of at least two predicate racketeering offenses over a ten year period. See 18 U.S.C. § 1961(5).

To determine whether a pattern of racketeering has occurred, the D.C. Circuit has held that courts should consider the number of unlawful acts, the length of time over which the acts were committed, the similarity of the acts, the number of victims, the number of perpetrators, and the character of the unlawful activity. Edmondson & Gallagher v. Alban Towers Tenants Ass'n, 48 F.3d 1260, 1265 (D.C. Cir. 1995), quoting Kehr Packages, Inc v. Fidelcor, 926 F.2d 1406, 1411-13 (3d Cir. 1991). The court in Edmonson indicated that if a plaintiff alleges only a single scheme, a single injury, and a few victims, it is "virtually impossible for plaintiffs to state a RICO violation." Id. See also Western v. Associates Limited Partnership v. Market Square Associates, 235 F.3d 629, 633 (D.C. Cir. 2001) (no legally cognizable claim where plaintiff alleged single scheme, a single injury, and a single victim).

In this case, Plaintiff has failed to allege a pattern of racketeering and clearly fails to satisfy the elements of the RICO statute. Although Plaintiff has alleged that "hundreds of victims" (internal quotations omitted), Pl. Opp. at 2 (Section IV) have suffered due to the conspiracies of the Defendant and the "two Texas lawfirms," he fails to name these victims, either individually or as a group. In

addition, Plaintiff does not provide any description of the injury suffered by these so-called victims. Under the holding in Edmonson, the Plaintiff has failed to state a RICO claim, and his claim, accordingly, should be dismissed.

Finally, Plaintiff offers an incomplete, legally inadequate rebuttal to Defendant's *res judicata* claim. He states that the *res judicata* claim is "false" because "Armando Fernandez['s] actions have never been claimed." Pl. Opp. at 3 (Section IV). Essentially, Plaintiff argues that *res judicata* should not bar his claims because he has asserted claims against an allegedly previous unnamed defendant. Under *res judicata* or "claim preclusion," a subsequent suit will be barred if there has been prior litigation: (1) involving the same claim or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction. See Blonder-Tongue Lab., Inc. v. Univ. of Ill. Foundation, 402 U.S. 313, 323-24 (1971). Plaintiff alleges that Armando Fernandez was one of the Federal agents who arrested him in Farmers Branch, Texas on an invalid State of Texas "warrant." Pl. Opp. at 1 (Section I). Again, if Plaintiff is basing Bivens liability on a *respondent superior* theory, this approach fails. But, more to the point, *res judicata* applies to claims previously raised or that could have been raised, Apotex, Inc. v. Food & Drug Admin., 393 F.3d 210, 218 (D.C. Cir. 2004), so Plaintiff could have advanced claims involving the actions of Agent Armando Fernandez, or any other agent involved in this alleged conspiracy, in his prior law suit. See Sieverding v. American Bar Ass'n, ___ F.Supp.2d ___, 2006 WL 2033581, Slip Op at *3 (D.D.C. July 20, 2006) (attached). So, principles of claim preclusion or *res judicata* still apply.

Plaintiff appears to fail to address the grounds supporting Defendant's motion to transfer, permitting the Court to treat these arguments as conceded. See Sieverding, *supra*, Slip Op. at *4.

## V. CONCLUSION

WHEREFORE, for each of the independent reasons set forth above, the Defendant submits that her motion to dismiss or transfer should be granted.

Respectfully submitted,

/s/

KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

/s/

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/

OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202)-616-07

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing Defendants' Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss has been made by U.S. Mail, postage prepaid, addressed as follows:

**Lester Jon Ruston**
**R26834-177**
**MEDICAL CENTER FOR FEDERAL PRISONERS**
**P.O. Box 4000**
**Springfield, Missouri 65801-4000**

on this 22nd day of August, 2006.

/s/

OLIVER W. MCDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 616-0739