UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESTER JON RUSTON, )<br>  )<br>  Plaintiff, )<br>  )<br>v. )<br>  )<br>BARBARA RIGGS, )<br>  )<br>  Defendant. )<br>  ) | Civil Action No. 06-0782 (RMU)) |

**DEFENDANT'S MOTION FOR IMPOSITION OF FILING RESTRICTIONS AND
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

Defendant Barbara Riggs,[1] through counsel, the United States Attorney for the District of Columbia, respectfully moves this Court to relieve Defendant of any obligation to respond to pending or future motions filed by Plaintiff unless ordered of the Court. Defendant respectfully submits this memorandum additionally in opposition to Plaintiff's Motion to Compel.

Plaintiff has filed motions appearing to have an improper purpose, knowing that the claims and other legal contentions therein are not warranted by existing law or are not supported by sound arguments, or knowing that the factual allegations and other factual contentions do not have evidentiary support. We seek this remedy in lieu of sanctions that are otherwise available against Plaintiff pursuant to Fed. R. Civ. P. 11(c), but, nonetheless, based on the guidance that this Rule offers, and the general authority of the court pursuant to Article 3 of the U.S. Constitution and Title 28 U.S.C. § 1651(a) (All Writs Act). In further support of this motion, we submit and rely upon the following points and authorities:

---

[1] Ms. Riggs is sued both in her official and individual capacities, although Defendant contests proper service for an individual capacity suit.

As we outlined in greater detail in Defendant's Memorandum of Points and Authorities in Support of Its Motion to Dismiss (dkt. 19), the Plaintiff has previously filed claims against the Defendant Secret Service in at least three similar suits: (1) <u>Ruston v. Bush</u>, C.A. 01-01052-L (N.D. TX), (2) <u>Ruston v. Bush</u>, C.A. 01-01818-H (N.D. TX), and (3) <u>Ruston v. U.S. Dep't. of Justice</u>, C.A. 05-03304 (RED) (W.D. MO). The courts in each of these cases dismissed the complaint as frivolous. <u>See</u> Pacer Docket Entries 6, 7, and 8 (for C.A. 01-01052-L (N.D. TX); Pacer Docket Entries 11, 14, and 15 (for C.A. 01-01818-H (N.D. TX); and Pacer Docket Entry 05-03304 (RED) (W.D. MO).

Since the initiation of this suit, Plaintiff has filed a steady stream of documents containing incoherent, baseless allegations which fail to set forth a valid cause of action. From his Motion for a Preliminary Injunction, filed on May 10, 2006 (dkt. no. 5), to his most recently filed Motion for Sanctions and Motion to Compel, filed on December 4, 2006 (dkt. no. 26 ), Plaintiff has filed a number of documents which all repeat rather convoluted allegations concerning Plaintiff's perception that Defendant is conspiring against him. In these filings, Plaintiff supports his conspiracy allegations with a string of accusations against Defendant which are lacking in material detail. Plaintiff's Motion for a Preliminary Injunction contained unsupported charges against Defendant, including forced medication of Plaintiff, witness tampering and impeding of Plaintiff's mail. (Dkt. No. 5 at pages 1-2.)

At best, the relief sought in Plaintiff's request for an injunction was overly broad since he listed a variety of alleged harms committed against him, then simply requested a preliminary injunction without specifying the scope of that relief. (Dkt. No. 5 at pages 1-2.) While Plaintiff's Motion to Compel under Title 18 U.S.C. § 3771 repeated some of the charges that he had previously

2

lodged against Defendant in his Motion for Preliminary Injunction, he also added to his laundry list of groundless accusations a claim that Defendant had conspired with various other government officials to commit the following acts: fraud, abuse of process, subornation of perjury, tendering fraudulent documents, suppression of <u>Brady</u> material, racketeering, aiding and abetting murder, obstruction of justice and treason. (Dkt. 11 at pages 1-2 & Dkt. 14 (Additional Attachment to Motion to Compel).) On July 10, 2006, Plaintiff filed two motions: (1) a Motion for Default Judgment (Dkt. No. 15) and (2) a " Motion for Discovery and Inspection Rule 34" (dkt. no. 16) requesting relief that was manifestly improper given the procedural posture of the case. In his Motion for Default Judgment, Plaintiff erroneously claimed that Defendant had failed to file a timely Answer to Plaintiff's complaint. (Dkt. No. 15 at page 1.) On June 30, 2006, however, Defendant had in fact filed a motion to extend the time to respond to the Complaint from July 10, 2006 to July 25, 2006. (Dkt. No. at 13.)

    In his Motion for Discovery, Plaintiff prematurely sought an extensive list of documents without ever properly justifying his requests, before an answer had been filed in the case. (Dkt. No. 16.) Plaintiff's Emergency Motion for Sanctions (dkt. no. 18) was likewise lacking in merit. Plaintiff asked for Rule 11 sanctions against Defendant because she had taken two incontrovertibly legal actions: she (1) requested an enlargement of time and (2) asserted the valid defense of improper service in a suit against her in her individual capacity. (Dkt. No. 18 at pages 1-2.) Plaintiff also sought $1,000 in damages and a Court Order requiring Seagoville Federal Correctional Facility to provide him with all materials necessary for litigation because he was allegedly being detained illegally. (Dkt. No. 18 at page 2.) Of course, neither that federal facility nor the Federal Bureau of Prisons are parties to this action. Defendant seeks relief from what appears to be an endless stream of incoherent allegations and radically broad requests for relief.

Even after Defendant had filed a Motion to Dismiss, Plaintiff continued to submit baseless filings. Without leave of the Court, Plaintiff filed a Sur-reply after full briefing of Defendant's Motion to Dismiss and to Transfer. See Groobert v. President and Directors of Georgetown College, 219 F.Supp.2d 1, 13 n.2 (D.D.C. 2002) ("Although the Federal Rules of Civil Procedure and this district's Local Civil Rules are silent on this issue, it is standard practice for a party seeking to file a surreply to move the court for leave to file such a surreply.") (internal citations ommitted); Jackson v. Strayer College, 941 F.Supp. 192, 193 n.1 (D.D.C. 1996) ("The Federal Rules of Civil Procedure and the rules of this Court do not provide for surreplies as a matter of right, and the plaintiff has not moved this Court for, nor has the Court granted, leave to file the aforementioned surreplies.").

In his Surreply, Plaintiff reiterated past conspiracy charges while adding a few new charges (blackmail, embezzlement of taxpayer funds, and kidnaping). Plaintiff as well named additional alleged co-conspirators (State of Texas, Plano, Texas Police Department, and Plano County School Boards). (Dkt. No. 24 at 2-3.) Plaintiff's most recent filing, entitled "Motion to Compel, Motion for Sanctions" (dkt. no. 26) is consistent with this pattern of filing. In this filing, Plaintiff rehashes his unfounded accusations against Defendant (witness tampering, kidnapping, racketeering, etc.) and again asks for extraordinary relief (sanctions and extensive premature discovery). (Dkt. No. 26.)

For the reasons set forth in Defendant's Memorandum in Support of Its Motion to Dismiss, Plaintiff's most recent motion (dkt. no. 26) appears not to have been presented for a proper purpose, is based on an unwarranted or frivolous argument and is based upon allegations and other factual contentions that are without evidentiary support.[2] Given Plaintiff's demonstrated propensity to file

---

[2] Truesdale v. Southern California Permanente Medical Group, 293 F.3d 1146,1153 (9th Cir. 2002); Christian v. Mattel, Inc., 286 F.3d 1118, 1129 (9th Cir. 2002) (District court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on
(continued...)

multiple motions of little or no merit, Defendant requests that the Court enter an order relieving Barbara Riggs, and any other federal defendant named or substituted in her place in this matter, of an obligation to respond to any additional motions filed by Plaintiff, unless ordered to do so by this Court.  Such an order would protect the efficiency and integrity of the litigation process in this case and would save the Court from having to rule on a series of motions that, from all indications, are likely to be frivolous or unnecessary.  While Defendant submits that the principles set forth in Rule 11 have been violated, Defendant is not seeking sanctions under that rule.  Therefore, the 21-day notice and opportunity to withdraw provisions set forth in Rule 11 (c)(1)(A) are not applicable to this motion.

---

[2](...continued)
briefing); Fries v. Helsper, 146 F.3d 452, 458 (7th Cir. 1998), citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 S.Ct. 2447, 2454 (1990); Selvy v. HUD, 198 F.R.D. 485, 486-87 (E.D. MI 2000) (indigent and mentally disturbed litigant subject to sanctions); Cox v. Preferred Technical Group, Inc., 110 F.Supp.2d 786, 789-90 (N.D. IA 2000) (Pro se plaintiff subject to sanctions); Del Canto v. ITT Sheraton Corp., 865 F.Supp. 934, 938 (D.D.C. 1994) (Standards for evaluating 11(c) requests); see also, In re Martin Trigona, 737 F.2d 1254, (2d Cir. 1984), cert. denied 474 U.S. 1061(1986) (Federal courts have both inherent power and constitutional obligation to protect jurisdiction from conduct which impairs Article III functions and to enjoin a party's litigation activities).

WHEREFORE, Defendant respectfully submits that this Motion for Imposition of Filing Restrictions against Plaintiff should be granted. A proposed Order consistent with this Motion is attached.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
UNITED STATES ATTORNEY

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202)-616-0739

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 18th day of December, 2006, I caused the foregoing Defendant's Motion for Imposition of Filing Restrictions Against Plaintiff and Memorandum in Support Thereof and proposed order, to be served on *Pro se* Plaintiff by the Electronic Court Filing system, to the extent that he has access, and by first-class mail, postage prepaid, addressed as follows:

**Lester Jon Ruston**
**R26834-177**
**MEDICAL CENTER FOR FEDERAL PRISIONERS**
**P.O. Box 4000**
**Springfield, Missouri 65801-4000**

/s/
OLIVER W. MCDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 616-0739