IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JAN 0 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| LESTER JON RUSTON, | § |
| Plaintiff, | § |
| vs. | § Civil Action No. 06-0782 RMU |
| BARBARA S. RIGGS, | § |
| Defendant, | § |

### MOTION TO APPOINT COUNSEL FOR PLAINTIFF

Comes now, Plaintiff, Lester Jon Ruston, and files this, his Motion to Appoint Counsel, and would show the Court as follows:

I.

The Plaintiff is an indigent civil detainee, held by a perjured arrest affidavit and denied all constitutional rights by the Defendant and multiple co-conspirators. Pursuant to 28 U.S.C. § 1915(e)(1), Plaintiff states that he is unable to afford counsel.

II.

Defendant asserts that she has not been properly served in her individual capacity. Plaintiff asserts a believe that the appointment of counsel will allow Defendant to be properly served, Plaintiff's right under Rule 4 Fed.R.Civ.P.

III.

Plaintiff's alleged illegal detention has greatly limited his ability to litigate, while Defendant has been allowed attorneys at the expense of taxpayers, who are facially violating federal laws, most notably witness tampering and aiding and abetting perjury and subornation of perjury, which justifies the appointment of counsel to protect Plaintiff's rights, see Moore v. Mabus, 976 F.2d 268 (5th Cir. 1992).

IV.

A trial in this case will likely involve conflicting testimony, and counsel would better enable Plaintiff to present evidence and cross examine witnesses, see Gatson v. Coughlin, 679 F.Supp. 270 (W.D.N.Y. 1988).

V.

Plaintiff needs to file to subpoena documents which the Defendant refuses to provide Plaintiff, and the Courts have ruled when these conditions exist the appointment of counsel is justified in the matter Montgomery v. Pinchak, 294 F.3d 492, 499 (3rd Cir. 2000). Plaintiff's ability to obtain records on Jeffrey Don Elmore, last known employment United States Secret Service have been obstructed by the Defendant and Justice Department, due to alleged perjury and violations of Rules 608 and 609 of the Federal Rules of Evidence, which is just cause for the appointment of counsel as held in Tucker v. Dickey, 613 F. Supp. 1124 (W.D. Wisc. 1985).

VI.

Plaintiff has attempted to obtain pro-bono counsel, to no avail, and should have the right to protection from alleged "witnesses tampering" as held in Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982). Plaintiff can prove his cause via "deposition", which is impossible without counsel, as held in Zarnes v. Rhodes, 64 F.3d 285 (7th Cir. 1995). In the interest of justice, appointment of counsel should be provided to Plaintiff.

Wherefore, premises considered, Plaintiff, Lester Jon Ruston does file this, his Motion to Appoint Counsel, and does move the Honorable Court to GRANT this motion, in the interest of justice, and appoint competent civil counsel instanter.

Respectfully Submitted,

Lester Jon Ruston #26834-177
P.O. Box 4000
Springfield, Missouri 65801 (temp address)

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was provided to the clerk of the court on this 28 th day of December, 2006, by placing such in the inmate mail box with first class postage affixed, with one copy provided to Defendant at address listed below, pursuant to Rule 5 Fed.R.Civ.P.

555 FOURTH ST., N.W.
WASHINGTON, D.C. 20530

_____ Les J. Ruston