UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| LESTER JON RUSTON, | : | | |
| | : | | |
| Plaintiff, | : | | |
| | : | | |
| v. | : | Civil Action No.: | 06-0782 (RMU) |
| | : | | |
| BARBARA RIGGS, | : | Document Nos.: | 5, 11, 13, 15, 16, 18, |
| | : | | 19, 26, 27, 29, 32, 35 |
| | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

GRANTING THE DEFENDANT'S MOTION TO DISMISS; REVOKING THE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS; DISMISSING THE COMPLAINT WITHOUT PREJUDICE

This matter is before the court on the defendant's motion to dismiss or, in the alternative, to transfer. Because the plaintiffs has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim, the court revokes the plaintiff's *in forma pauperis* status and dismisses this action without prejudice to refiling upon payment in full of the $350 filing fee.

Pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, a prisoner who qualifies for *in forma pauperis* status must pay a partial fee initially and then may pay the

1

balance of the remaining fee in monthly installments.[1]  28 U.S.C. § 1915(b); *see Chandler v. District of Columbia Dep't of Corr.*, 145 F.3d 1355, 1357 (D.C. Cir. 1998).  Unless a prisoner "is under imminent danger of serious physical injury," he may not proceed *in forma pauperis* if while incarcerated he has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim.  28 U.S.C. § 1915(g); *Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006); *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1033 (D.C. Cir. 2000); *Smith v. District of Columbia*, 182 F.3d 25, 29 (D.C. Cir. 1999).  A prisoner's complaint should be dismissed if he does not qualify for *in forma pauperis* status under the PLRA and fails to pay the entire filing fee within a reasonable period of time.  *Magee v. Clinton*, No. 04-5247, 2005 WL 613248, *1 (D.C. Cir. Mar. 14, 2005) (per curiam) (revoking *in forma pauperis* status under § 1915(g) and *sua sponte* ordering payment of filing fee in full).

A prisoner's "privilege to proceed [*in forma pauperis*] should be reevaluated if and when information comes to light that calls into question whether he was initially eligible for that privilege."  *Davis v. Thomas County Sheriff's Dep't*, 2006 WL 2567883, *2 (M.D. Ga. Sept. 5, 2006).  Since the filing of this civil action, the court has learned that plaintiff has accumulated "three strikes" for purposes of the PLRA.  *See, e.g., Ruston v. Dallas County Sheriff's Dep't*, No. 3:04-cv-1462-D, 2005 WL 264286 (N.D. Tex.  Feb. 1, 2005) (adopting Magistrate Judge

---

[1]  A "prisoner" means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).  The court takes judicial notice of matters on the public docket in another of the plaintiff's pending cases, *Ruston v. Justice Dep't*, Civ. No. 06-0224 (RMU), and expressly rejects the plaintiff's contention that he is a civil detainee.  Compl. ¶ 4 (asserting status as a "pre-trial detainee, held under an alleged unlawful 'civil' commitment").  Rather, the plaintiff is accused of having threatened a federal official, and has been detained under 18 U.S.C. § 4241 for the purpose of determining his competency to stand trial.  The plaintiff, then, is a "prisoner" for purposes of the PLRA.

recommendation to deny plaintiff's *in forma pauperis* application because he was barred under § 1915(g)); *Ruston v. Dallas County*, No. 3:04-CV-1691-B, 2004 WL 2847834 (N.D. Tex. Dec. 9, 2004) (adopting Magistrate Judge recommendation to deny *in forma pauperis* application because plaintiff "had filed at least three prior civil rights cases which were dismissed as frivolous or for failure to state a claim"); *Ruston v. Continental Motel*, No. 302CV2349N, 2003 WL 22946480 (N.D. Tex. Feb. 28, 2003) (adopting Magistrate Judge's recommendation to deny under § 1915(g) plaintiff's motion to proceed *in forma pauperis*); *see also Ruston v. Dallas County*, No. 3:06-CV-1582-M, 2007 WL 274970, *1 n.1 (N.D. Tex. Jan. 10, 2007) (citing the "numerous frivolous civil actions" filed by plaintiff); Def.'s Mem. of P. & A. in Supp. of Mot. to Dismiss or to Transfer, Ex. 6 (Findings, Conclusions and Recommendation of the United States Magistrate Judge in *Ruston v. United States Secret Serv.*, Civ. No. 3:06-CV-0238-B (N.D. Tex. Feb. 28, 2006), recommending dismissal for plaintiff's failure to pay filing fee).

     Because the plaintiff has accumulated "three strikes" under the PLRA, the plaintiff may proceed *in forma pauperis* only if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The court has reviewed the plaintiff's complaint and other papers, and concludes that his allegations of imminent danger are vague, conclusory, and fanciful. This civil action began with a claim that the United States Marshals Service violated the Freedom of Information Act and the Federal Tort Claims Act. *See* Compl. ¶¶ 8-9; Supplementation/Am. to Compl. (May 8, 2006). It is difficult to see how such violations might result in serious physical injury to plaintiff. This court therefore follows the lead of the United States District Court for the Northern District of Texas. *See Ruston v. Lappin*, Civ. No. 07mc0064 (UNA) (D.D.C. Feb. 8, 2007) (barring plaintiff from proceeding *in forma pauperis* under § 1915(g)).

For the foregoing reasons, the court dismisses this action without prejudice to refiling upon payment in full of the $350 filing fee. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 15th day of March, 2007.

                                               RICARDO M. URBINA
                                               United States District Judge